466 So.2d 25 (1985)
William A. LESTER
v.
SOUTHERN CASUALTY INSURANCE COMPANY, et al.
No. 84-C-2037.
Supreme Court of Louisiana.
April 1, 1985.
*26 Gerard F. Thomas, Jr., Natchitoches, Samuel Gainsburgh, New Orleans, Thomas, Donahoe & Gregory, Natchitoches, for plaintiff-applicant.
Henry Bruser, III, Peggy St. John, Gold, Little, Simon, Weems & Bruser, Alexandria, for defendants-respondents.
MARCUS, Justice.
William A. Lester, while working as a laborer in the forest and wood products business for Willett Timber Co., Inc. (Willett), lost his left foot and part of his left leg in an accident on July 18, 1970. Ultimately, he was fitted with an artificial limb. His employer's worker's compensation insurer, Southern Casualty Insurance Company (Southern), paid weekly compensation benefits at the maximum rate ($49 per week) for the maximum period of time (500 weeks) as provided by law for permanent total disability at the time of the injury.[1] The last compensation payment was made on February 23, 1980. Southern also paid $10,044.69 in medical expenses. This amount did not exceed the statutory maximum in effect when Lester was injured.[2] The last medical payment was made on January 25, 1980.
From August 10, 1981 to October 26, 1982, Lester incurred additional medical expenses in connection with his artificial limb totaling $544.09, and he was informed that his artificial limb had become worn out and needed to be replaced at a cost of $1,390.27. When payment of these expenses was refused, Lester, on December 22, 1982, filed suit against Willett and Southern for recovery of past medical expenses, travel expenses to a limbs and braces store, and the replacement cost of his artificial limb. Lester also sought penalties and attorney fees. Because the suit was brought more than one year after the last medical payment, defendants filed a plea of prescription.
After trial, the judge found that Lester's claims had prescribed under La.R.S. 23:1209 and rendered judgment dismissing Lester's demands against Willett and Southern. The court of appeal affirmed.[3] On Lester's application, we granted certiorari to review whether Lester's claims for medical expenses were properly dismissed as being barred by prescription.[4]
At the time that suit was filed, La.R.S. 23:1209 provided:
In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the *27 time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. [Emphasis added.]
As observed by Professors Malone and Johnson in their treatise on Louisiana Worker's Compensation Law, "the Act does not provide any specific prescriptive period for a claim for medical expenses, and the jurisprudence has been required to supply a period equivalent to that provided in Section 1209 for weekly benefit claims." 14 W. Malone & H. Johnson, Louisiana Civil Law Treatise: Workers' Compensation Law and Practice § 384, p. 257 (2d ed. 1980). Our review of the jurisprudence indicates that it was this court's decision in Brown v. Travelers Insurance Co., 247 La. 7, 169 So.2d 540 (1964), that is primarily responsible for the application of Section 1209 to claims for medical expenses. In Brown, the employer's insurer voluntarily paid plaintiff compensation over a period of 400 weeks and assumed responsibility for his medical expenses during that time. Afterwards, plaintiff incurred additional medical expenses, and he filed suit for these expenses within a year of the last payment of compensation and medical expenses. Defendant argued that medical expenses were payments of compensation and that they must cease when compensation does. In rejecting defendant's argument and upholding plaintiff's claim, this court concluded that medical expenses as set forth in La.R.S. 23:1203 are not considered a part of compensation, that a claim for medical expenses can be independently asserted, and that such a claim is controlled by the prescriptive provision of La.R.S. 23:1209.
In the instant case, unlike the plaintiff in Brown, Lester's suit for medical expenses was filed more than a year after the last payment of compensation and medical expenses, and this compels us to reconsider the applicability of La.R.S. 23:1209 to claims for medical expenses. Specifically, the issue presented is whether the legislature intended "payments" as used in La. R.S. 23:1209 to include claims for medical expenses as well as claims for compensation benefits.
One indication that the legislature did not intend La.R.S. 23:1209 to apply to claims for medical expenses is that under such an interpretation it would be possible for a disabled worker's claims for medical expenses to prescribe before he could assert them. The instant case is exemplary. Under La.R.S. 23:1203, liability for medical expenses arises only as they are incurred. A plaintiff is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to the plaintiff. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Allums v. Dixie Metals Co., 369 So.2d 1204 (La.App. 2d Cir.1979); Deshotels v. Fidelity and Casualty Co., 324 So.2d 895 (La.App. 3d Cir.1975). Lester received voluntary compensation payments for the maximum period of time allowed under La.R.S. 23:1221(2) at the time of the accident for an injury producing permanent total disability. He received his last medical payment on January 25, 1980, and his last compensation payment on February 23,1980. Under Section 1209, Lester would then have "one year from the time of making the last payment" in which to assert a claim for medical expenses or his rights would prescribe. However, because he could not get an award for future medical expenses, those expenses incurred by him after one year from the last payment (in this case from August 10, 1981 to October 26, 1982) would prescribe before he could assert them.
Another indication that "payments" as used in La.R.S. 23:1209 does not include claims for medical expenses can be found in the language of the statute itself as amended by 1983 La.Acts, Ex.Sess., No. 1, § 1, which reads in pertinent part:
Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year *28 from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
The references to La.R.S. 23:1221 above indicate that the "payments" referred to in the statute are compensation benefits, not medical expenses, as Section 1221 deals exclusively with the compensation to be paid for the various degrees of disability.
Finally, it is well settled that the provisions of the Worker's Compensation Law must be given a liberal interpretation in order to effectuate its beneficent purpose of relieving workmen of the economic burden of work-connected injuries by diffusing the cost in the channels of commerce. Parks v. Insurance Company of North America, 340 So.2d 276 (La.1976); Danielsen v. Security Van Lines, Inc., 245 La. 450, 158 So.2d 609 (1963). Construing "payments" as used in La.R.S. 23:1209 to include claims for medical expenses when such an interpretation is not indicated by the clear and unambiguous language of the statute would not be in accord with a liberal interpretation in favor of the injured employee.
For the foregoing reasons, we hold that the prescriptive provisions of La. R.S. 23:1209 do not apply to claims for medical expenses and anything to the contrary in Brown v. Travelers Insurance Co., supra, is overruled. Also, as no provision of the Worker's Compensation Law provides a prescriptive period for claims for medical expenses, we hold that Lester's claims are governed by then La.Civ.Code art. 3544 which provided:[5]
In general, all personal actions, except those before enumerated, are prescribed by ten years.
A particular prescriptive period for claims for medical expenses would address itself to the legislature.
In the instant case, ten years did not elapse between the time that Lester incurred additional medical expenses and the filing of suit; consequently, the lower courts erred in holding that his claims for medical expenses were prescribed.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed, the plea of prescription is overruled, and the case is remanded to the district court for further proceedings in accordance with law.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The obligation imposed by La.R.S. 23:1221 on the employer at the time of plaintiff's accident was to pay compensation "during the period of disability". The 500-week limitation on weekly benefits applied to the amount of the obligation and not the length of the obligation. Thus, the employer was obliged to pay any medical expenses (subject to the amount limitation) during the duration of the disability, as long as the expenses were related to the disability, regardless of when plaintiff's limited entitlement to weekly benefits became exhausted.
Once the obligation of an employer to pay compensation (weekly benefits and medical expenses) is fixed by judgment or agreement, prescription does not begin to run on any particular item of medical expense until that expense is incurred. The suit in this case, filed within one year of the incurring of the expenses, was timely, even though more than one year had *29 elapsed since the last payment of weekly benefits under the 500-week limitation.
NOTES
[1] La.R.S. 23:1202 then provided in part:

[W]ith respect to injury or death occurring subsequent to December 31, 1969 the maximum compensation to be paid under this chapter shall be forty-nine dollars per week.
La.R.S. 23:1221 then provided in part:
Compensation shall be paid under this chapter in accordance with the following schedule of payments:
....
(2) For injury producing permanent total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond five hundred weeks.
[2] La.R.S. 23:1203 then provided in part:

The employer shall in every case coming under this Chapter, furnish all necessary medical, surgical, hospital services and medicines or any nonmedical treatment recognized by the laws of this state as legal, not to exceed the total sum of twelve thousand five hundred dollars, except in cases of undue and unusual hardship as hereinafter provided, unless the employee refuses to allow them to be furnished by the employer.
[3] 458 So.2d 654 (La.App. 3d Cir.1984).
[4] 462 So.2d 203 (La.1985).
[5] This article number was vacated by the amendment and re-enactment of Chapter 4 of Title XXIV of Book III of the Civil Code by 1983 La.Acts No. 173 to contain articles 3492 to 3504. La.Civ.Code art. 3499 now provides:

Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
This article reproduces the substance of article 3544 of the Louisiana Civil Code of 1870. It does not change the law. See Comment (a), La.Civ.Code art. 3499.