468 So.2d 1386 (1985)
Gerald DUPLECHAIN, Plaintiff-Appellant,
v.
GULF STATES UTILITY CO., Defendant-Appellee.
No. 84-168.
Court of Appeal of Louisiana, Third Circuit.
April 26, 1985.
Rehearing Denied May 22, 1985.
*1387 Morrow and Morrow, Jeffrey M. Bassett, Opelousas, for plaintiff-appellant.
Taylor, Porter, Brooks and Phillips, Robert J. Vandaworker, Baton Rouge, for defendant-appellee.
Before DOMENGEAUX, DOUCET and KING, JJ.
DOUCET, Judge.
Gerald Duplechain plaintiff-appellant, instituted this action against his employer, Gulf States Utilities (GSU) seeking the recovery of medical expenses that were incurred by the claimant for the treatment of bursitis in his right knee. The trial court, after holding that the claimant suffered from an occupational disease, decided that the claim was barred by either a six-month peremptive period or a one-year prescription period. The claimant perfected this appeal.
The claimant was employed by GSU as a repairman first class whose duties included welding, over-hauling pumps, repairing pumps, repairing boilers, and machine work. However, the claimant's most relevant work duties in this case entailed crawling on metal tubes in confined areas for hours at a time. In early August of 1981, the claimant began to notice some painful swelling in his right knee. On August 12, 1981, the claimant saw Dr. John Tassin who diagnosed the bursitis in the right knee and expressed his opinion that it was work-related. On the following day, the claimant notified his employer of his condition and GSU then requested a second medical opinion. The claimant then saw Dr. Frank Anders on August 26, 1981, who confirmed Dr. Tassin's diagnosis and dispatched a letter to GSU which stated his opinion that Mr. Duplechain's bursitis was work-related and that surgical intervention would be necessary.
The claimant continued to work until October 1, 1982, when he underwent surgery for the treatment of his bursitis. During the claimant's four to five week period of recovery, he was unable to work but GSU nonetheless continued to pay the claimant his full salary. However, GSU refused to pay the medical expenses submitted by Dr. Tassin. The position of GSU is that the bursitis of the claimant was not work-related and therefore does not constitute a compensable disability meriting the reimbursement of the medical expenses.
On September 23, 1982, the claimant, through his attorney, made a formal demand on GSU for the reimbursement of *1388 medical expenses incurred during the treatment of the bursitis. This lawsuit was filed on September 23, 1982, seeking the recovery of these medical expenses along with penalties and attorney's fees for the refusal of GSU to pay the medical bills.
After a trial on the merits, the trial court held that the claimant's condition constituted an occupational disease pursuant to LSA-R.S. 23:1031.1. But the trial court dismissed the claim on the ground that it is barred by the six-month peremptive period provided by LSA-R.S. 23:1031.1(E). The claimant moved for a new trial in which he argued that the six-month period relied upon is a period for giving an employer notice rather than a time limitation in which a claimant must file a lawsuit for benefits. The trial court denied this motion with the position that assuming the inapplicability of the six-month peremptive period, the claim prescribed in one year pursuant to LSA-R.S. 23:1209.
The claimant perfected this appeal of the trial court's judgment wherein he assigns the following errors: (1) the trial court erred in finding that the plaintiff's claim had prescribed by virtue of one-year prescription; (2) the trial court erred in not awarding penalties and attorney's fees; and (3) the trial court erred in not awarding the plaintiff reimbursement for his medical expenses. The defendant answered the appeal and prayed that the trial court's judgment be amended to hold that the claimant did not suffer from an occupational disease.
We will first address the trial court's holding that the claimant's bursitis constituted an occupational disease pursuant to LSA-R.S. 23:1031.1(B). One of the purposes of LSA-R.S. 23:1031.1(B) is to relieve employees of the almost impossible task of proving an "accident" in connection with occupational diseases. Bryant v. Magnolia Garment Company, Inc., 307 So.2d 395 (La.App. 2nd Cir.1975); LaCoste v. J. Ray McDermott & Co., Inc., 250 La. 43, 193 So.2d 779 (La.1967). A claimant, however, must prove preponderantly that his disabling disease is work-related. Once an occupational disease has been determined as such by the trier of fact, this conclusion is entitled to great weight and should not be disturbed on appeal absent a clear error. Crump v. Hartford Acc. & Ind. Co., 367 So.2d 300 (La.1979); Thornell v. Payne and Keller, Inc., 442 So.2d 536 (La.App. 1st Cir.1983), writ denied 445 So.2d 1231 (La.1984).
LSA-R.S. 23:1031.1(B) reads as follows:
"An occupational disease shall mean only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process or employment in which the employee is exposed to such disease."
The plaintiff offered the uncontradicted expert testimony of one physician who stated without reservation that the claimant's bursitis was caused by his duties as a welder when he kneeled on hard surfaces for extended periods of time. Furthermore, Dr. Anders, the orthopedic specialist who treated the claimant, in his report to GSU stated that bursitis of the knee was not uncommon among welders. The defendant offered no expert testimony to rebut these opinions. Instead, the appellee's position is that bursitis results from wear and tear of the knee which does not fall within the ambit of R.S. 23:1031.1(B). We disagree. As stated, the statute's principal function is to relieve a claimant of the near impossible burden of proving a single incident as the cause of his condition. Bursitis qualifies as a disease and the medical evidence in this case preponderantly proves that it was caused by the claimant's welding duties at his job. Accordingly, we find no error in the trial court's determination that the claimant's bursitis constituted an occupational disease caused by peculiar circumstances of his occupation.
We next address the issue of the timeliness of the claimant's petition for medical expenses. The trial court, in its written reasons for judgment, stated that the claim was barred by six-month peremption pursuant to LSA-R.S. 23:1031.1(E)[1]. The trial *1389 court erroneously applied this statute. The language of the statute itself suggests that its time limitation applies only to the notification of an employer of an occupational disease rather than the actual filing of a petition to recover accrued benefits. First the statute says that a claimant has six months in which to "file a claim with his employer" (emphasis added). From a liberal reading of this phrase, as we are mandated to do in interpreting the workmen's compensation laws, it appears that the statute does not contemplate a lawsuit against an employer but merely the notification of such employer. This interpretation is supported by another stipulation of the statute which states that the notification of the employer's compensation carrier will constitute compliance with the notification requirements of 23:1031.1. To suggest that an employer must file a lawsuit within six months of the development of his disease while the mere notification of the compensation carrier of the employer will satisfy the statute's requirements is an absurd interpretation.
In Winzor v. Augenstein Construction Co., Inc., 378 So.2d 470 (La.App. 3rd Cir.1979), this court held that LSA-R.S. 23:1031.1(E) requires only the notification of an employer of an occupational disease within six months of its development to interrupt this peremptive period and does not require an actual lawsuit to be filed within the six month period. In light of the purpose of the workmen's compensation law and the more reasonable interpretation of R.S. 23:1031.1(E) as requiring mere notification, we hold that this statute did not bar Mr. Duplechain's claim for medical expenses. The record indicates that the claimant notified GSU almost immediately after his bursitis was diagnosed by Dr. Tassin and that GSU was again placed on notice after receipt of Dr. Anders' medical report. Therefore, these notices satisfied the requirement of R.S. 23:1031.1(E).
Neither is the petitioner's claim barred by the one year prescriptive period of LSA-R.S. 23:1209. In the recent decision by the Louisiana Supreme Court entitled Lester v. Southern Casualty Insurance Company, et al., 466 So.2d 25 (La. 1985), it was held that the prescriptive period of LSA-R.S. 23:1209 does not apply to claims exclusively for medical expenses. The Supreme Court noted that because no provision of the Worker's Compensation law provides a prescriptive period for claims for medical expenses, that such claims are governed by La.Civ.Code art. 3544 which, at the time of this suit, provided:
"In general, all personal actions, except those before enumerated, prescribed by ten years."
In the instant case, ten years has obviously not elapsed between the time that the claimant incurred the medical expenses and the filing of this suit. Therefore, the petitioner's claim is not barred by either peremption or prescription and the trial court's ruling to the contrary was erroneous and is reversed.
Because we hold that the petitioner's claim is not prescribed, we may now address the merit of the claim for medical expenses. We are provided with an ample record because the trial court dismissed the claim after a trial on the merits. Therefore, we may render a judgment on the merits. La.C.C.P. art. 2164.
The plaintiff-appellant first seeks penalties and attorney's fees from the appellee. The appellant contends that GSU was without probable cause when it denied the appellant's request for the medical expenses incurred during the treatment of his bursitis. It is the duty of the employer to provide medical services. The penalty provisions of LSA-R.S. 23:1201.2 are applicable where an employer wrongly denies medical claims. Comeaux v. Cameron *1390 Offshore Services, Inc., 420 So.2d 1209 (La. App. 3rd Cir.1982); Scott v. Hartford Accident & Indemnity Co., 302 So.2d 641 (La. App. 3rd Cir.1974). An insurer (or an employer) is required to make a reasonable effort to ascertain an employee's exact medical condition before benefits are terminated (or denied). Johnson v. Ins. Co. of No. America, 454 So.2d 1113 (La.1984).
At the trial Mr. Don Hamilton, who is the Supervisor of the claimant's jobsite and the person who officially denied Mr. Duplechain's claim for medical expenses, testified that the decision to deny the claim was made at the Claims Department. Mr. Robert Shirley, who is the Claims Supervisor who handled Mr. Duplechain's claim, testified that the claim was denied because there was no accident in spite of the medical reports of Dr. Tassin and Dr. Anders which stated clearly that Mr. Duplechain's knee condition was caused by his duties as a welder. Mr. Shirley also stated that no other medical opinions were sought to dispute the reports of Dr. Tassin and Dr. Anders.
In light of these facts we hold that GSU denied the petitioner's claim for medical expenses unreasonably and without probable cause. The Claims Supervisor based his decision to deny the claim on a misunderstanding of the workmen's compensation law and on the facts of this case. An "accident" is not a prerequisite to all workmen's compensation cases as in this one which involves an occupational disease. The Claims Supervisor substituted his own lay opinion concerning the cause of the claimant's bursitis for the uncontradicted medical opinions of two physicians, one being an orthopedic specialist. In this fact, GSU failed in its duty to ascertain the exact medical condition before deciding on the merits of his claim. Comeaux, supra. Therefore, an award of penalties and attorney's fees pursuant to LSA-R.S. 23:1201.2 in the amount of $1,500.00 is warranted in this case.
Finally, we hold that the record supports the petitioner's demand for $2,425.00 in unpaid medical expenses incurred as a result of the claimant's occupational disease. Although no weekly disability benefits were sought, the employer (GSU) still was statutorily bound to pay whatever medical costs were incurred by the claimant during the treatment of his occupational disease. After reviewing the record, we conclude that medical expenses in the sum of $2,425.00 were preponderantly proven. It is hereby ordered and adjudged that the defendant-appellee, Gulf South Utilities, is to pay the medical expenses incurred by Mr. Duplechain for the treatment of his occupational disease in the amount of $2,425.00, with legal interest, from date of judicial demand, until paid.
For the foregoing reasons the judgment of the trial court is affirmed in part and reversed in part. A judgment is rendered in the plaintiff-appellant's favor awarding him medical expenses of $2,425.00, together with legal interest thereon from date of judicial demand, until paid, and $1,500.00 in penalties and attorney's fees. All costs of this appeal are assessed to defendant-appellant.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] E. All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that:

(a) The disease manifested itself.
(b) The employee is disabled from working as a result of the disease.
(c) The employee knows or has reasonable grounds to believe that the disease is occupationally related.
Notice filed with the compensation insurer of such employer shall constitute a claim as required herein.