WOODARD, Judge.
This is a worker’s compensation case. Plaintiff, Agnes Livings, was employed by defendant, Langston Companies, Inc., on April 29, 1991, when she injured her wrist in a work related accident. Langston’s worker’s compensation insurer at the time of the accident was CIGNA.
After the accident, plaintiff received medical treatment from Dr. Darrell Henderson, a hand specialist. She also underwent physical therapy with Lendell “Pete” Babineaux. Plaintiff received one week of worker’s compensation benefits for the week of May 7 through May 15, 1991. This temporary total disability payment was issued to plaintiff on September 27, 1991.
On November 4, 1991, plaintiff filed this suit against Langston and CIGNA for the failure to pay benefits and medical expenses timely, the failure to furnish proper medical treatment, the failure to provide requested medical records, and for penalties and attorneys’ fees. Plaintiff did not request the payment of any additional weekly compensation benefits.
Judgment was rendered in favor of plaintiff on February 11, 1993, ordering CIGNA I to pay (1) $250.00 for the failure to timely provide medical records, (2) a penalty of twelve percent (12%) on the difference between $112.65, the amount of compensation actually paid, and $122.67, the amount of compensation actually owed, and (3) attorney’s fees of $750.00.
*1239 It is from this judgment that plaintiff appeals, asserting the following assignments of error: (1) the administrative hearing officer erred in failing to award plaintiff $125.00 for reimbursement of medical expenses paid to Dr. Darrell Henderson; (2) the administrative hearing officer erred in failing to award plaintiff $10.02, which is the difference between the amount of worker’s compensation benefits due and the amount actually paid; (3)the administrative hearing officer erred in failing to award a twelve percent (12%) penalty for the late payment of weekly compensation; (4) the administrative hearing officer erred in failing to find defendants arbitrary and capricious in the late payment of medical bills and weekly compensation and in terminating physical therapy without reasonable cause; and, (5) the administrative hearing officer erred in awarding only $750.00 in attorney’s fees.
REIMBURSEMENT OF MEDICAL EXPENSES
Plaintiff first asserts that the administrative hearing officer erred in failing to award $125.00 for reimbursement of medical expenses.
Plaintiff received medical treatment from Dr. Darrell Henderson, a hand specialist. Plaintiff first visited Dr. Henderson on November 27, 1991. This visit was paid for by plaintiffs attorney. All subsequent visits to Dr. Henderson were paid for by CIGNA. On January 17, 1992, plaintiffs attorney sent a letter to CIGNA requesting reimbursement for the initial visit to Dr. Henderson. This request was repeated in another letter dated January 28, 1992, which included a copy of the check issued to Dr. Henderson.
CIGNA’s claims’ representative, Sarah Lents, testified that CIGNA never reimbursed plaintiff for the November 27 visit to Dr. Henderson. She stated that CIGNA paid the doctor for the visit instead, however, she failed to produce any documentation of payment. Ms. Lents also failed to state when this payment was allegedly made. The administrative hearing officer did not make a finding of fact as to whether CIGNA paid Dr. Henderson. The hearing officer merely stated in the written reasons for judgment:
“Eventually, claimant saw Dr. Darrell Henderson. This visit was paid for by claimant’s attorney. The initial visit occurred on November 27, 1991. Ms. Lents was not aware of this visit until she received a letter from claimant’s attorney requesting reimbursement of the $125.00 he paid to Dr. Henderson ... The record does not reflect if and when the $125.00 was reimbursed to claimant’s attorney.”
A claimant is not entitled to recover for medical expenses already paid by the employer or insurer. However, payment is an affirmative defense and CIGNA has the burden of proving that it either reimbursed plaintiff or paid Dr. Henderson for the visit. Carter v. Rockwood Ins. Co., 341 So.2d 595 (La.App. 2 Cir.1977). After a thorough review of the record, we find as a fact that there is insufficient evidence of proof of CIG-NA’s payment of this medical expense. The administrative hearing officer erred in failing to award plaintiff reimbursement for the November 27,1991 visit to Dr. Henderson. We, therefore, amend the judgment to award plaintiff $125.00 for reimbursement of medical expenses.
WEEKLY COMPENSATION BENEFITS
In the written reasons for judgment, the administrative hearing officer stated that the proper amount of plaintiffs temporary, total disability benefits was $122.67. Plaintiff was only paid $112.65. Plaintiff claims the administrative hearing officer erred in failing to award $10.02, which is the difference between the amount she was owed and the amount she actually received.
The failure of the administrative hearing officer to award plaintiff $10.02 was obviously an oversight, considering the award of a penalty on this amount. We therefore amend the judgment to award plaintiff $10.02 for the underpayment of weekly compensation benefits.
PENALTIES
Plaintiff next claims the administrative hearing officer erred in failing to award *1240 a twelve percent (12%) penalty for the late payment of weekly compensation.
La.R.S. 28:1201 provides in pertinent part as follows:
B. The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer or insurer has knowledge of the injury or death, on which date all such compensation then due shall be paid.
* * * ⅝ # *
E. If, pursuant to this Chapter, any compensation or medical benefits payable without an order is not paid within the time period provided in Subsection B, C, or D of this Section, there shall be added to such unpaid compensation a penalty of an amount equal to twelve percent thereof or a total penalty of not more than fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid, whichever is greater
Whenever the employee’s right to such compensation or medical benefits has been reasonably controverted by the employer or his insurer, the penalties set forth in this Subsection shall not apply. The twelve percent or fifty dollars per calendar day, whichever is greater, additional payment shall be assessed against either the employer or the insurer, depending upon who was at fault in causing the delay.
Plaintiff was injured on April 29,1991, and the accident was reported to her employer the same day. Plaintiff was not paid weekly compensation benefits until September 27, 1991, almost five months later. Plaintiff is therefore entitled to a penalty of twelve percent (12%) of the weekly compensation payment. We amend the judgment to order CIGNA to pay plaintiff a penalty equal to twelve percent (12%) of $112.65.
ARBITRARY AND CAPRICIOUS CONDUCT
Plaintiff asserts the administrative hearing officer erred in failing to find defendants arbitrary and capricious in the payment of medical bills, in terminating physical therapy without reasonable cause, and in the late payment of weekly compensation benefits.
La.R.S. 23:1201.2 provides for attorney’s fees as follows:
Any insurer hable for claims arising under this Chapter, and any employer whose liability for claims arising trader this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney’s fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney’s fees for the prosecution and collection of the difference between the amount paid or tendered and the amount due. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney’s fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney’s fees shall not apply to cases where the employer or insurer is found liable for attorney’s fees under this Section. The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.
A plaintiff bears the burden of proving the employer or insurer acted arbitrarily and capriciously. Chiasson v. Lafourche Parish Council, 449 So.2d 110 (La.App. 1 Cir.1984). The penalty provision of La.R.S. 23:1201.2 applies to untimely payment of medical expenses and the wrongful denial of medical claims, as well as to weekly compensation *1241 benefits. Savoy v. McDermott, Inc., 520 So.2d 888 (La.App. 3 Cir.1987), Duplechain v. Gulf States Utility Co., 468 So.2d 1386 (La.App. 3 Cir.1985).

Medical Bills

Plaintiff argues that defendants were arbitrary and capricious in the failure to reimburse plaintiff for the November 27, 1991 visit to Dr. Henderson’s office.
The administrative hearing officer found that CIGNA was not arbitrary and capricious in the manner in which it handled the payment of medical bills. We find the administrative hearing officer erred in this determination. Plaintiffs attorney paid Dr. Henderson’s office for the November 27 visit. A written demand for reimbursement was submitted to CIGNA on January 17, 1992, and again on January 28, 1992, with proof of payment. As of the date of trial, May 19, 1992, plaintiff had not been reimbursed for this visit. Furthermore, CIGNA failed to prove its claim of direct payment to the doctor.
CIGNA failed to pay the $125.00 medical bill within sixty (60) days of written notice. We find CIGNA was arbitrary and capricious in the handling of this medical bill, thus reversing the administrative hearing officer as to this finding. Plaintiff is entitled to an award of attorney’s fees pursuant to La.R.S. 23:1201.2. We therefore amend the judgment to award plaintiff additional attorney’s fees of $300.00.

Termination of Physical Therapy

Plaintiff argues that the administrative hearing officer erred in failing to find CIGNA arbitrary and capricious in the termination of physical therapy.
Plaintiff underwent physical therapy treatment with Lendell “Pete” Babineaux. In February, 1992, CIGNA refused to pay for any further treatment with Mr. Babineaux. Ms. Lents testified that these medical benefits were terminated pursuant to a report issued by Dr. Henderson on January 27, 1992, which included a reference to a “cystic change of the lunate” that was “not related to trauma.” CIGNA argues that this report indicated plaintiff was being treated for an injury that was not causally related to her on-the-job accident.
After receiving the report, CIGNA sent a letter to Dr. Henderson seeking clarification of the causation issue. However, before a reply was received, CIGNA terminated plaintiffs medical benefits. Plaintiff discontinued her physical therapy treatment because she was unable to afford it.
By letter dated March 30, 1992, Dr. Henderson informed CIGNA that plaintiff was, in fact, being treated for her work related injury. CIGNA then paid all of the outstanding medical bills. Ms. Lents testified that she wrote to Mr. Babineaux on May 13, 1992, authorizing additional treatment.
The discontinuance of worker’s compensation benefits is judged primarily upon the facts existing and known by the employer or insurer at the time of discontinuance, and these facts must justify discontinuance. Thibodeaux v. Dresser Industries, Inc., 407 So.2d 37 (La.App. 3 Cir.1981), writ denied, 412 So.2d 85 (La.1982). While Dr. Henderson’s report arguably raised a question of causation, CIGNA terminated plaintiffs medical benefits before the issue was resolved.
An injured employee may not be cut off from compensation on the basis of inconclusive medical reports. Wiley v. Southern Cas. Ins. Co., 380 So.2d 214 (La.App. 3 Cir.1980). Furthermore, an insurer is required to make a reasonable effort to determine an employee’s exact medical condition before benefits are terminated. Duplechain v. Gulf States Utility Co., 468 So.2d 1386 (La.App. 3 Cir.1985). We therefore find CIGNA was arbitrary and capricious in terminating plaintiffs medical benefits. Plaintiff is entitled to an additional award of attorney’s fees of $300.00.

Late Payment of Compensation

Plaintiff claims the administrative hearing officer erred in failing to find defen *1242 dants arbitrary and capricious in the late payment of weekly compensation. Under La.R.S. 23:1201.2, the assessment, of attorney’s fees is proper when an insurer fails to pay benefits -within sixty days of written notice, and the failure to pay is found to be arbitrary, capricious or without probable cause.
Written notice was received by plaintiffs employer on July 12, 1991. Notice to the employer is considered notice to the insurer. Johnson v. Continental Ins. Companies, 410 So.2d 1058, 1062, n. 5 (La.1982). Plaintiff was not paid any weekly compensation benefits until September 27, 1991. Thus, plaintiff did not receive her compensation payment within sixty days, as required by La.R.S. 23:1201.2. The record reveals no reasonable excuse for this delay. See LaHaye v. Westmoreland Cas. Co., 509 So.2d 748, 750 (La.App. 3 Cir.1987). Therefore, we find CIGNA arbitrary and capricious in its failure to pay plaintiffs claim within sixty days from receipt of written notice, and award plaintiff additional attorney’s fees of $300.00.
ATTORNEY’S FEES
In the final assignment of error, plaintiff appeals the amount awarded by the administrative hearing officer for attorney’s fees. Plaintiff argues that the $750.00 award of attorney’s fees is not sufficient for the amount of work done in this case. Plaintiff further argues for an increase in attorney’s fees for the work done on appeal.
An award of attorney’s fees is deemed to be a penalty, and the amount need not be proven. Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983). A trial court has much discretion in fixing an award for attorney’s fees, and the award -will not be modified on appeal absent an abuse of discretion. Layssard v. Proctor & Gamble Mfg., 532 So.2d 337 (La.App. 3 Cir.1988).
We have already concluded that plaintiff is entitled to additional attorney’s fees in the amount of $900.00 due to CIGNA’s arbitrary and capricious conduct in the payment of medical bills, termination of medical benefits, and the late payment of weekly compensation. We find the total to be sufficient.
CONCLUSION
For the foregoing reasons, the judgment of the administrative hearing officer is reversed as to the finding that CIGNA was not arbitrary and capricious in the payment of medical bills. The judgment is amended to award plaintiff $125.00 for reimbursement of medical expenses and $10.02 for the underpayment of compensation. The judgment is further amended to award plaintiff additional attorney’s fees of $900.00, for a total award of attorney’s fees of $1,650.00. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to defendants-appel-lees.
REVERSED IN PART; AMENDED IN PART; AND AFFIRMED AS AMENDED.