JiDECUIR, Judge.
Patricia Leistman appeals the decision of the workers’ compensation judge denying her claim for medical payments based upon a plea of prescription and denying her claim for penalties and attorney fees. We affirm.
FACTS
Leistman is a Commercial Loan Processor for Security First National Bank in Alexandria, Louisiana. She has worked for Security since 1968. Her job entails using a variety of keypunch machines, typewriters, and a computer. In the latter part of 1992, Leist-man began having problems with her wrists and fingertips. She sought treatment and, in July of 1993, she was diagnosed with bilateral carpal tunnel syndrome. No one explained to her at that time how the syndrome is contracted. In October 1993, Leistman had surgery to alleviate her problem. She still had not been made aware that her condition could be work-related. After the surgery, and after her health insurer denied payment for occupational therapy, Leistman inquired as to the Lcause of the condition. She alleges that her doctor indicated her condition could be work-related. The doctor’s records contain no evidence of this conversation.
Despite this knowledge, Leistman went ahead with a second surgery, in December of 1993, without notifying her employer or seeking preapproval from her employer’s compensation insurer. After the second surgery, Leistman notified Security that her condition could be work-related. Security provided her with the appropriate paperwork and reported the claim to its workers’ compensation insurer, Travelers, and to LWCC, its prior compensation carrier. In January 1994, Travelers declined to pay the occupational therapy bill because the claim arose when coverage was provided by LWCC. LWCC also refused payment.
Leistman filed the present suit on June 27, 1996, more than two years after Leistman knew that Travelers would not pay the bill. LWCC filed an exception of prescription, asserting that Leistman’s claim for payment of the occupational therapy bill had prescribed. Trial was held on March 27, 1997, and the *299 exception of prescription was referred to the merits. The workers’ compensation judge granted the exception of prescription and denied Leistman’s claims for penalties and attorney fees. Leistman lodged this appeal.
PRESCRIPTION
Leistman’s sole contention on appeal is that the workers’ compensation judge erred as a matter of law in holding that her claims for payment of medical, expenses had prescribed and that her claim for penalties and attorney fees should be denied. We disagree.
Leistman relies on Duplechain v. Gulf States Utility Company, 468 So.2d 1386 (La.App. 3 Cir.1985), in support of her position that La.R.S. 23:1031.1(E) governs this case. We held in Duplechain that notification to the employer was sufficient to interrupt the peremption period provided in La. R.S. 23:1031.1(E) which requires a ^filing with the employer in order to recover disability benefits for an occupational disease. However, we also held that La.R.S. 23:1209 was not applicable in light of Lester v. Southern Casualty Insurance Company, 466 So.2d 25 (La.1985). In Lester the supreme court found that, “no provision of the workers’ compensation law provides a prescriptive period for claims for medical expenses.” It is noteworthy that La.R.S. 23:1031.1(E) was in effect at the time of the supreme court’s decision in Lester and more importantly at the time of our decision in Duplechain where we repeated the court’s reference to the absence of a prescriptive period for medical payments.
Leistman is correct in stating that Duple-chain, unlike Lester, is factually on point because it also involves an occupational disease. However, the law in Duplechain is no longer controlling. In 1986, the legislature in its wisdom, amended La.R.S. 23:1209 to provide as follows:
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
It is evident that the legislature "wished to address the deficiency noted in Lester and provided a solution. The workers’ compensation law now provides a prescriptive period for medical payments.
Leistman argues that the more specific statute should apply in this case. We agree. However, we find that while La.R.S. 23:1031.1 is a specific statute dealing with occupational diseases and the prescriptive period for disability claims, it is not the more specific statute in this ease. La.R.S. 23:1209(0 specifically addresses medical payments and, therefore, controls in this case.
| burning to the facts of this case, it is evident that Leistman did not file a claim with the Office of Workers’ Compensation within the time limits provided by La.R.S. 23:1209(C). Using late 1992, the date of her first symptoms, as LWCC suggests or December 1993, the date of her realization of the work-related nature of her ailment, as Leistman suggests, the claim had prescribed long before her filing of this claim in June 1996. Accordingly, we find no error in the ruling of the workers’ compensation judge.
CONCLUSION
For the foregoing reasons the judgment of the workers’ compensation judge is affirmed. All costs of this appeal are assessed against the claimant, Patricia Leistman.
AFFIRMED.