# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 03-1681


NUGIER PERRODIN

VERSUS

LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT


**\*\*\*\*\*\*\*\*\*\***
APPLICATION FOR SUPERVISORY WRITS FROM
THE OFFICE OF WORKERS' COMPENSATION, DISTRICT 04
PARISH OF LAFAYETTE, NO. 02-04337
HONORABLE SHARON MORROW, PRESIDING
**\*\*\*\*\*\*\*\*\*\***


## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, Billie Colombaro Woodard and Marc T. Amy, Judges.

**WRIT GRANTED AND MADE PEREMPTORY. EXCEPTION OF PRESCRIPTION REVERSED AND MATTER REMANDED FOR FURTHER PROCEEDINGS.**

**Charles E. Soileau**
**Bertrand & Soileau**
**Post Office Box 5**
**Rayne, LA   70578-0005**
**(337) 334-2139**
**COUNSEL FOR APPELLANT:**
        **Nugier Perrodin**

**Sam R. Aucoin**
**Voorhies & Labbe**
**P.O. Box 3527**
**700 St. John Street**
**Lafayette, LA   70502**
**(337) 232-9700**
**COUNSEL FOR APPELLEE:**
        **Lafayette City-Parish Consolidated Government**

**COOKS, Judge.**

Nugier Perrodin filed a writ application contending the judgment of the Office of Workers' Compensation, sustaining the Lafayette City-Parish Consolidated Government's exception of prescription to his claim for medical benefits, was erroneous. For the following reasons, the writ is granted, made peremptory and the judgment of the trial court sustaining the exception of prescription is reversed.

### FACTS AND PROCEDURAL HISTORY

Nugier Perrodin began his employment with the Lafayette Parish Fire Department in 1966. Over the years, Perrodin rose through the ranks until he held the job of acting chief of the department. During his career, Perrodin was treated for numerous ailments, including chronic obstructive pulmonary disease. On March 10, 2002, Perrodin was hospitalized for heart and lung problems. His discharge diagnosis was: (1) pneumonia; (2) exacerbation of chronic obstructive pulmonary disease secondary to pneumonia, (3) cardiomyopathy, and (4) leukocytosis. Perrodin was advised that he could no longer perform duties which could cause him to inhale smoke, soot or fumes, or that involved stressful situations. Perrodin attempted to return to a supervisory type position after his discharge, but was unable to because of work restrictions placed on him by his physicians.

On June 13, 2002, Nugier Perrodin filed a 1008 claim seeking disability indemnity benefits and medical benefits, alleging heart and lung injury pursuant to the Fireman's Heart & Lung Act, La.R.S. 33:2581. The claim listed the date of injury or illness as March 10, 2002. The employer, Lafayette City-Parish Consolidated Government (hereafter City-Parish), filed an Exception of Prescription, alleging Perrodin suffered from the condition complained of for many years prior to the filing of the claim. Specifically, the City-Parish argued Perrodin should not be allowed to maintain a suit for workers' compensation medical benefits if it is filed several years

-1-

after he knows that his diagnosed occupational disease is work-related, even if his suit is filed within one year of the date he became disabled.

A hearing on the exception was held before the Office of Workers' Compensation. After the hearing, the workers' compensation judge (WCJ) took the matter under advisement and eventually granted the exception of prescription as to medical benefits and denied the exception as to indemnity benefits. The WCJ issued the following written reasons in support of her judgment:

> The parties agree that the issue was authoritatively addressed in *Bynum v. Capital City Press, Inc.*, 95-1395 (La. 7/2/96), 676 So.2d 582 wherein the La. Supreme Court held that all three factors found in La. R.S. 23:1031.1.E. must be present for prescription to begin running. Therefore, prescription does not begin to run until the disease has manifested itself, the employee is disabled from working as a result of the disease, and the employee knows or has reasonable grounds to believe that the disease is occupationally related. Mr. Perrodin's problems had long been manifested, and he was aware of the connection to his employment. The issue is at what point in time did he become disabled from working as a result of the disease. The employer contends Mr. Perrodin was "disabled" as far back as in 1996 when Mr. Perrodin missed a couple of days of work while in the hospital. The WCJ is not familiar with any authority that supports this argument.

> The current facts are similar to those found in *LaCour v. Hilti Corporation*, 1998-2691 (La. 5.18.99), 733 So.2d 1193. The employee suffered with upper extremity complaints relating to his demonstrations of power actuated and pneumatic tools. His problems began in 1989 and he underwent the first of several surgical procedures that year. He continued to work until after a procedure in August 1995. The court found that Mr. LaCour's disability began January 11, 1996 because "that was the date when he was forced to terminate his employment and all three factors set forth in *Bynum* were met." Clearly Mr. Perrodin's right to indemnity benefits has not prescribed.

> The jurisprudence, however, holds that medical benefits are subject to the prescriptive period set forth in La.R.S. 23:1209 (C) rather than the period set forth in La.R.S. 23:1031.1 for occupational disease disability claims. In *Leitsman v. Louisiana Workers' Compensation Corporation*, 1997-1300 (La.App. 3 Cir. 3/6/98), 709 So.2d 298, writ denied at 1998-0952 (La. 5/29/98), 720 So.2d 341, the court found that 23:1209 (C) applied to medical claims, and that prescription for the claim for medical expenses began running either from the time of the

first symptoms or the date of realization of the work-related nature of the disease. As in the *Leistman* case, using either of those dates the claim for medical payments has prescribed long before the filing of this claim.

Perrodin filed a writ application contending the trial court erred in granting the exception of prescription with regard to his claim for medical benefits.

## ANALYSIS

In his claim, Perrodin contended he was entitled to workers' compensation indemnity and medical benefits under the Fireman's Heart & Lung Act, La.R.S. 33:2581. That statute provides as follows:

> Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.

La.R.S. 23:1209(C) is the general workers' compensation statute dealing with the prescriptive period for medical benefits claimed by employees. It provides:

> All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.

This section was adopted by the legislature in 1985 in response to the Louisiana Supreme Court's holding in *Lester v. Southern Casualty Ins. Co.*, 466 So.2d 25 (La.1985) that the prescriptive provisions of La.R.S. 23:1209 did not apply to claims

for medical expenses.

Perrodin argues the legislature carefully chose to only use the words "accident" and "death," indicating it did not intend to apply a prescriptive period to an injured worker's claim for medical benefits due to a "developing injury" or an "occupational disease." He further argues the "developing" nature of heart and lung ailments are not susceptible to a specific commencement like an "accident" or "death," which can be established on a particular date. The City-Parish acknowledged that Perrodin continually performed his duties with the Fire Department until March of 2002. At most the City-Parish points to a two-day hospital stay in December 1996, which was diagnosed as pneumonia. He returned to his duties immediately thereafter, and continued in his employment until he was diagnosed with severe emphysema in March 2002.

The WCJ relied on this court's decision in *Leistman v. LWCC*, 97-1300 (La. 3/6/98), 709 So.2d 298, *writ denied*, 98-952 (La. 5/29/98), 720 So.2d 341, in determining that Perrodin's claim for medical benefits had prescribed. In that case, the employee, a computer processor, began having problems with her wrists and fingertips in the latter part of 1992. She sought treatment and, in July 1993, was diagnosed with bilateral carpal tunnel syndrome. Allegedly, it was not explained to her how she contracted the syndrome. She had surgery in October 1993, and stated even at that point she was unaware that her condition could be work-related. After the surgery, and after her health insurer denied approval for occupational therapy, the employee finally inquired as to whether her condition was work-related. Despite being informed her condition could be work-related, she went ahead with a second surgery in December 2003without notifying her employer or seeking preapproval. After the second surgery, she notified her employer that she believed her condition was work-related. The employer's insurers refused payment for occupational therapy.

The employee filed suit in June 1996, over two years after she was refused payment. The insurer filed an exception of prescription, which was granted by the WCJ.

This court affirmed the grant of the exception of prescription, finding a strict reading of La.R.S. 23:1209(C) barred the employee's claim for medical benefits. While we find no error with our decision in *Leistman,* we find our decision in *White v. Fresenius Medical Care*, 01-1023 (La.App. 3 Cir. 12/12/01), 801 So.2d 1239, *writ denied*, 02-138 (La. 3/28/02), 811 So.2d 945, more instructive in this case. In *White*, the employer questioned the WCJ's conclusion that an extended period of prescription applied because the worker suffered from a "developmental injury." The employer argued because the extended filing period for developing injuries does not apply to medical benefits, the standard limitation period of one year from the accident applies. We stated in *White:*

> [The employer] acknowledges the language regarding the longer prescriptive period related to developing injuries described in Paragraph A. The employer points to the Louisiana Supreme Court case of *Lester v. Southern Caves. Ins. Co.*, 466 So.2d 25 (La.1985), wherein the Court considered the applicability of the period limitations of Paragraph A to medical expenses. At the time of the 1985 case, La.R.S. 23:1209 did not contain Paragraph C, which relates to medical expenses. In considering the language of Paragraph A, the Court concluded that La.R.S. 23:1209 is applicable only to recovery of indemnity benefits. With regard to medical expenses, the Court explained that, absent language specifically related to recovery of these expenses, the ten-year limitation period for personal actions set forth in the Louisiana Civil Code was applicable.
>
> Subsequent to *Lester*, the legislature amended La.R.S. 23:1209 to include Paragraph C, setting forth specific limitation periods for recovery of medical expenses. [The employer] argues that, in addition to the discussion in *Lester* indicating that La.R.S. 23:1209 does not apply to medical expenses, the amendment of the statute to include a specific, prescriptive period is clear and unambiguous. Thus, according to [the employer], although operation of Paragraph A may afford a "developing injury" a more extensive limitations period for indemnity benefits, the more extensive limitations period for medical expenses has now been specifically excluded by omission of this language from Paragraph C. We disagree.

Article 9 of the Louisiana Civil Code requires: "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Although [the employer] argues that the text of La.R.S. 23:1209 is clear and unambiguous, we point out that, even if this assertion is correct, we must consider whether its application would lead to absurd consequences in this situation. In this case it would.

If this court were to accept [the employer's] argument regarding the Supreme Court's discussion in *Lester* of a previous version of the statute coupled with the wording of La.R.S. 23:1209(C), a claimant would potentially be permitted to receive indemnity benefits, but not medical expenses. Although this type of rigid application was adopted by a panel of the second circuit in *Holcomb v. Bossier City Police Dept.*, 27,095 (La.App. 2 Cir. 8/25/95); 660 So.2d 199, we decline to follow such an interpretation. In that case, two members of the five-judge panel dissented on this point, with one member writing that it was not the legislature's intent in overruling *Lester* to "reach a result as conflicting and incongruous as the one in this case." *Id*. at 204 (Brown, J., dissenting.) We conclude that a similar result would be unacceptable in this case. Accordingly, we find no error in the workers' compensation judge's conclusion that the limitations period applicable in "developing injury" cases relates to both indemnity and medical benefits.

We find the reasoning of this court in *White* is applicable to this case. To use La.R.S. 23:1209(C) to prevent Perrodin from receiving medical benefits, while allowing the recovery of indemnity benefits, would be an absurd result. The Fireman's Heart & Lung Act was enacted as an acknowledgment of the heightened possibility of firemen suffering heart and lung disease due to the nature of their duties. To disallow medical benefits to a fireman who has suffered heart and lung injury through such a "rigid application" of La.R.S. 23:1209(C), would defeat the purpose for which the Fireman's Heart & Lung Disease was enacted. Therefore, we reverse the judgment of the OWC granting the exception of prescription with regard to medical benefits.[1]

---

[1] We are aware of the holding in *Lacour v. Hilti Corporation,* (La.5/18/99), 733 So.2d 1193. However, without further instruction we decline to extend this holding to the Fireman's Heart & Lung Act.

**DECREE**

For the foregoing reasons, Perrodin's writ application is granted and made peremptory. The judgment of the Office of Workers' Compensation sustaining the exception of prescription on the issue of medical benefits is reversed and the matter remanded for proceedings consistent with this opinion. All costs are assessed against the Lafayette City-Parish Consolidated Government.

**WRIT GRANTED AND MADE PEREMPTORY. EXCEPTION OF PRESCRIPTION REVERSED AND MATTER REMANDED FOR FURTHER PROCEEDINGS.**