McDonald, j.
[ ¡.This appeal challenges a judgment of the workers’ compensation court dismissing a claim on an exception raising the objection of prescription. For the following reasons, we reverse.
FACTS
On August 8, 2008, Carl Sanders was injured while working. He received treatment at St. Tammany Parish Hospital, *5 which rendered a bill for services to his employer, Trinity Industries, Inc., and their insurer, Ace American Insurance Company, in the amount of $1,541.25. An audit of the medical charges was conducted for Trinity/Ace by Broadspire Services, Inc., which deducted 10%, $154.12 as a “bill review reduction”[1] and further reduced the total charges by $810.91, finding that several of the charges exceeded the maximum allowable. Thereafter, St. Tammany Parish Hospital was tendered payment of $576.22 on September 23, 2008.
On November 12, 2008, St. Tammany sent a letter of appeal to Broadspire for reconsideration on the reimbursement received, citing the Louisiana Office of Workers’ Compensation Medical Reimbursement Schedule, Chapter 25 Hospital Reimbursement, Section 2507 Outpatient Reimbursement, which provides that outpatient hospital and ambulatory surgery services will be reimbursed at covered charges less a ten percent discount. The additional amount claimed by St. Tammany was not paid, so they complained to the Office of Workers’ Compensation, Medical Services by letter dated January 19, 2009.
On January 26, 2009, Chris Broadwater, Director of Workers’ Compensation in the Louisiana Workforce Commission of the Office of Workers’ Compensation, sent a letter to St. Tammany Parish Hospital, with a copy to Broadspire, reiterating the rule cited by St. Tammany earlier, found in Chapter 251 sof the Workers’ Compensation Medical Reimbursement Schedule, and advising that the formula for calculating the payment amount is: (BILLED CHARGES) - (NONCOVERED CHARGES) = COVERED CHARGES x .90 = PAYMENT AMOUNT. The Office of Workers’ Compensation Administration recommended reimbursement for the hospital services in accordance with the cited rule.
After failing to receive additional compensation it thought was due, St. Tammany filed suit with the Office of Workers’ Compensation on November 16, 2009, including a request for penalties and attorney fees for arbitrary and capricious handling of the claim. Defendants, Trinity and Ace, filed an answer and an exception of prescription. On March 12, 2010, the matter was heard. The workers’ compensation judge noted that she had ruled repeatedly on the issue of penalties and attorney fees in accordance with the First Circuit’s decision in Craig v. Bantek West, Inc. 2003-2757 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234, 1237, writ denied, 2004-2995 (La.3/18/05), 896 So.2d 1004. That case held that the claim for penalties and attorney fees was delictual in nature and subject to prescription in accordance with La. C.C. art. 3492, a one-year liberative prescriptive period commencing on the date of injury. A judgment was signed on April 6, 2010, finding that the claim for penalties and attorney fees was prescribed.
On April 30, 2010, defendants sent a letter to St. Tammany, tendering payment in the amount of $810.91 from Broadspire, the amount of the alleged underpayment, as well as for $66.16, from FAIRPAY solutions, the amount of interest calculated to be due on this amount. Thereafter, on May 4, 2010, the defendants submitted an ex parte motion for dismissal. On that same day, an order of dismissal with prejudice was signed by the workers’ compensation judge.
On June 18, 2010, St. Tammany filed a motion and order for a devolutive appeal *6 from the judgment dismissing the claim because it believed the claim for ^penalties and attorney fees was still valid, which was granted the same day, and is the matter now before us.
DISCUSSION
Louisiana Revised Statutes 23:1201 F provides that failure to pay medical benefits in accordance with the Section shall result in a penalty, together with assessment of reasonable attorney fees for each disputed claim, unless “the claim is reasonably controverted.” As set forth in LSA-R.S. 28:1201 F(l), “[sjuch penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault.” Health care providers are specifically given the right to collect penalties and attorney fees in 1201 F(4), which provides:
In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health > care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.
The statutes providing for penalties and attorney fees are penal in nature and must be strictly construed. Barber Bros. Contracting v. Young, 2003-0747, p. 7 (La.App. 1 Cir. 2/23/04), 873 So.2d 677, 681, writ denied, 2004-0704 (La.5/7/04), 872 So.2d 1084.
As noted, the workers’ compensation judge deciding this matter relied on this court’s decision in Craig in rendering her opinion. She held that the hospital’s claims had prescribed, because the injury and underpayment, were in September 2008, and suit was not filed until over a year later, in November 2009. The “injury” caused to the health care provider in receiving an underpayment, however, is distinguishable from a “work-related injury” suffered by an employee. For several reasons, which we will address following, this case is distinguishable from Craig and requires a different result.
|sIn Craig, this court affirmed the workers’ compensation court’s subject matter jurisdiction to hear claims for penalties and attorney fees, holding that although they were delictual in nature,[2] they nevertheless were “a determination of benefits and penalties directly associated with the employee’s work-related injury and his receipt of worker’s compensation benefits.” 885 So.2d at 1238. The statute at issue here, LSA-R.S. 23:1201, is in the Labor and Workers’ Compensation Law in Part II, regulating benefits. It is in subpart A, General Provisions, and covers time and place of payment, failure to pay timely, failure to authorize medical treatment, and penalties and attorney fees. These laws provide for payment for compensation or for medical benefits in a designated time-frame, and for a penalty for failure to do so. It is directly related to the payment of medical benefits for a work-related accident and is clearly within the jurisdiction of the workers’ compensation court. However, it does not directly state when a claim for the penalty must be brought.
Also at issue in Craig, therefore, was the issue of prescription. Mr. Craig had ar *7 gued that his claim for penalties and attorney fees was subject to the ten-year prescriptive period found in Civil Code article 3499.[3] He relied on the supreme court decision in Lester v. Southern Cas. Ins. Co., 466 So.2d 25 (La.1985). Craig noted:
The claim at issue in Lester involved an ongoing nonpayment of medical benefits pursuant to the Louisiana Workers’ Compensation Act. Noting that La. R.S. 23:1209 did not specifically provide a prescriptive period for medical expenses, the Louisiana Supreme Court held that the ten-year prescriptive period for personal actions pursuant to La. Civ.Code art. 3499 was applicable. Lester, 466 So.2d at 28.
| (¡Subsequent to the decision in Lester, by Acts 1985, No. 926, § 1, effective January 1, 1986, the legislature added a prescriptive period to La. R.S. 23:1209 for medical benefits, which is now designated as Subsection C and provides as follows:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Craig v. Bantek West, Inc., 885 So.2d at 1240.
Craig also considered the issues underlying prescription noting, “It is well settled in Louisiana jurisprudence that the purpose of a prescription statute is to afford a defendant economic and psychological security if a cause of action is not pleaded timely and to protect the defendant from stale claims and the loss of relevant proof Terrel v. Perkins, 96-2629, p. 4 (La.App. 1 Cir. 11/7/97), 704 So.2d 35, 38.” It cited with approval the written reasons for judgment in the case before it:
Claims for penalties and attorney fees arise at a specific point in time, namely the point in time at which a party allegedly fails to reasonably controvert a claim or arbitrarily and capriciously discontinues benefits.... [Sjince the claim for penalties and attorney fees arises at the time of the alleged misconduct, this court can think of no good reason to allow a longer period of time for the penalty and attorney fee claim than is .allowed for the actual claim for benefits.
Craig v. Bantek West, Inc., 885 So.2d at 1240.
In the case before us, the claim for penalties and attorney fees is made pursuant to La. R.S. 23:1209, which provides, in pertinent part:
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this | ./limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
*8 Since a payment was made in this case, slightly more than one month after the accident, we are not within the one-year prescriptive period. The Legislature has decreed that the “limitation [on bringing actions] shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.” The “last payment” was made on September 23, 2008. Therefore, the right to bring the claim for penalties and attorney fees would prescribe three years from that date.
We also note that the portion of the statute dealing with the parties before us, LSA-R.S. 23:1201 F(4), specifies that the health care provider may only be awarded penalties and attorney fees “[i]n the event that [it] prevails on a claim for payment of [its] fee.” The health care provider’s action in this case is ancillary to its claim for benefits. Both claims can be and should be filed together in the same suit, at the same time, as was done in this case. After a trial on the claim for payment of fees is concluded, the court can then determine applicable penalties and attorney fees, if warranted.[4]
CONCLUSION
We find that the claim of a health care provider for penalties and attorney fees is ancillary to its action for, and requires a disposition of, its claim for disputed benefits, but must be filed in the action asserting the disputed claim. The claim of a health care provider for penalties and attorney fees is distinguishable from this court’s decision in Craig v. Bantek West, Inc., 2003-2757 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234, which involved a claim of an injured worker. The claims for penalties and attorney fees in this case are subject to a three-year prescriptive period and had not prescribed at the time the disputed claim was filed |8m November 2009. Accordingly, the decision of the Workers’ Compensation Court is reversed, and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
WHIPPLE, J., concurs with reasons assigned.
McCLENDON, J., concurs and assigns reasons.

. A 10% discount on hospital charges is provided for in the Workers’ Compensation Fee Schedule.

. The court in Craig, was examining the supreme court decision in Sampson v. Wendy's Management, Inc. 593 So.2d 336 (La.1992), which held that a claim of retaliatory discharge was an employment law matter rather than a claim for workers' compensation benefits or penalties for adjudication by the Office of Workers’ Compensation. Mr. Craig had claimed that all delictual actions are outside the jurisdiction of the Office of Workers' Compensation.

. Civil Code article 3499 provides: "[ujnless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.”

. This cause of action is analogous to a suit for redhibition. A claim is also made for attorney fees with the expectation that during the trial on the merits the plaintiff will prove the bad faith of the seller. If bad faith is proven then the court will award attorney fees.