660 So.2d 199 (1995)
Chocklee HOLCOMB, Plaintiff-Appellee,
v.
BOSSIER CITY POLICE DEPARTMENT, Defendant-Appellant.
No. 27095-CA.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1995.
*201 Cook, Yancey, King & Galloway by Timothy B. Burnham, Shreveport, for appellant.
William B. "Pete" King, Shreveport, for appellee.
Before SEXTON, LINDSAY, HIGHTOWER, BROWN and WILLIAMS, JJ.
LINDSAY, Judge.
On September 17, 1992, Mr. Chock Lee Holcomb filed a claim for worker's compensation benefits due to a back injury which occurred on August 24, 1991. After a trial on the merits, the hearing officer found that Holcomb sustained an injury while in the course and scope of his employment, and that he was entitled to total temporary disability benefits, supplemental earnings benefits, and medical benefits. The Bossier City Police Department appeals the judgment, contending that Holcomb's claim for compensation benefits and medical benefits is prescribed and that Holcomb's failure to give notice of his injury to his employer resulted in prejudice to the employer such that Holcomb's claims should be barred. For the reasons stated, we affirm in part and reverse in part.

FACTS
Holcomb was employed as a Bossier City police officer. Holcomb testified that on August 24, 1991, while he was straightening up the evidence room, he injured his back when he lifted a suitcase containing approximately 50 pounds of marijuana. Holcomb testified that when he turned with the suitcase he felt pain shooting down his legs and back. He testified that it felt like a pulled muscle. Before his shift was finished, Holcomb told two co-workers that he had hurt his back. Holcomb was discharged from his employment with the Bossier City Police Department for unrelated reasons on August 28, 1991, but received wages through September 13, 1991.
Holcomb testified that he had pain in his back "off and on" over the next several months before he decided that he needed to see a doctor. On June 26, 1992, Holcomb saw Dr. Wayne S. Barksdale at LSUMC. Dr. Barksdale ordered an MRI and determined that Holcomb had a herniated disc at L4-L5. Holcomb underwent surgery for this condition on September 17, 1992. Holcomb had a second surgery on March 19, 1993 to remove scar tissue which had formed as a result of the first surgery.
Holcomb notified his employer that he was asserting a claim for worker's compensation on August 3, 1992. He filed his claim with the Office of Worker's Compensation on September 17, 1992. A hearing on the claim was held on August 30, 1993. At the hearing, Holcomb testified that he received unemployment compensation from the time he was dismissed from the police department through June of 1992. At this time, he began working for Buddy Martin-Nez Bail Bonds. However, Holcomb testified that he only worked four or five days between June and September, when the surgery was performed. After the surgery, Holcomb testified that he was unable to work a full week due to the pain in his back. Holcomb is presently working part-time for the bail bonding company.
The hearing officer found that Holcomb had carried his burden of proof in showing that he had sustained an injury during the course and scope of his employment with the Bossier City Police Department. The hearing officer awarded Holcomb temporary total disability benefits from June 26, 1992, when he first sought medical treatment and was disabled from working, until he began work with the bail bonding service. The hearing officer held that Holcomb could not receive *202 temporary total disability benefits during the time he received unemployment compensation. The hearing officer awarded Holcomb supplemental earning benefits, based upon his actual earnings, from the time he began to work for the bail bonding company. The hearing officer also ordered the Bossier City Police Department to pay for Holcomb's medical expenses related to his injury. No penalties or attorney's fees were awarded because the hearing officer found that the claim was reasonably controverted.
The Bossier City Police Department appeals the judgment. It contends that Holcomb's claim has prescribed pursuant to LSA-R.S. 23:1209 and that it was prejudiced by Holcomb's failure to provide timely notice of his injury within 30 days as required by LSA-R.S. 23:1305.

DISCUSSION

Prescription
Generally, a claim for worker's compensation must be filed within one year from the date of the accident. However, when an injury does not "result at the time of, or develop immediately after the accident, the limitation shall not take effect until one year from the time the injury develops." LSA-R.S. 23:1209(A). This provision is commonly known as the "development of injury" rule. See Glascock v. Georgia-Pacific Corp., 25,677, (La.App.2d Cir. 3/30/94), 635 So.2d 474. Under this statute, all actions are further limited by a two year period from the date of the accident.
Development of injury actually means development of disability, and disability marks the time from which the employee can no longer perform the duties of his employment in a satisfactory manner. Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 (1952); Glascock, supra, and case cited therein. The development of injury signifies something more than occurrence of the injury and pain. Glascock, supra. The injury is "developed" when the employee becomes "aware of the significance" of his injury. See Glascock, supra, and Collier v. Southern Builders, Inc. 606 So.2d 885 (La.App.2d Cir.1992).
The question is: When did the injury develop into a disability so as to begin the running of the prescriptive period? If the injury developed before September 17, 1991, then Holcomb's suit, which was filed on September 17, 1992, would be untimely. If, however, the injury developed into a disability after September 17, 1991, then Holcomb's suit would be timely.
The defendant argues on appeal that Holcomb did not have a "developing injury." The defendant asserts that Holcomb testified as to having immediate pain in his lower back after having lifted the suitcase. It further argues that Holcomb had a flare-up of pain around the first of September, about one week after the accident. Given this testimony, the defendant argues that Holcomb's injury clearly developed well before September 17, 1991, which is one year before Holcomb mailed his disputed claim to the OWC.
The date of diagnosis is helpful in determining the date of disability when the record does not indicate when the employee was unable to work. Collier v. Southern Builders, supra, and Loud v. Dixie Metal Co., Inc., 475 So.2d 122 (La.App.2d Cir.1985), appeal after remand 506 So.2d 1355. In Loud, the employee was injured on the job on February 18, 1982 and he filed suit for compensation on August 19, 1983. His employer closed the plant only a few weeks after the injury. The court did not have a complete employment record of the employee after the plant closure and therefore it was unclear when Loud actually was unable to work. However, the court found that the employee did have a developing injury and that he was substantially unable to perform the duties of his employment as of the date of his diagnosis.
Similarly, Holcomb did not continue to work for the defendant after the accident due to an unrelated discharge. Therefore, we are unable to determine the exact date that Holcomb was unable to work. Holcomb testified that he thought his injury was a muscle pull which would improve with time. Holcomb returned to work for the defendant after treating his injury with bed rest over the weekend. After he was discharged, Holcomb *203 stated that the pain was intermittent; he would go two weeks without pain then his back would start to hurt again. During the period Holcomb was receiving unemployment, he testified that he did not list a back problem on any job application because the pain was not constant. On this record, we believe it was reasonable for Holcomb to assume that his injury was minor and would improve with time. In matters of prescription, a layman should not be held to the same standard of vigilance as an attorney. Loud, supra, and Hebert v. Hartford Acc. & Indem. Co., 331 So.2d 222 (La.App. 3d Cir.1976), writ denied 334 So.2d 229 (La.1976).
Holcomb did not become aware of the seriousness of his injury until he saw Dr. Barksdale on June 26, 1992. It was not until he was diagnosed with a herniated disc that it became clear to Holcomb that he was disabled and unable to work. Therefore, we find that Holcomb's injury developed, within the meaning of the statute, when he was diagnosed with a herniated disc and thus his claim for worker's compensation benefits was timely filed.
It has consistently been held that the prescriptive periods for medical expenses and disability benefits are separate. 14 La.Civil Law Treatise (Malone & Johnson, Workers' Compensation) Sec. 384. While the prescriptive period for weekly disability benefits does not begin to run at the time of the accident if the injury develops at a later time, there is no similar provision with regard to the prescriptive period for medical benefits. LSA-R.S. 23:1209(C) provides that all claims for medical benefits shall be forever barred unless within one year from the date of the accident a formal claim has been filed with the OWC. In this case, the claim for medical benefits was filed on September 17, 1992, over one year from the date of the accident. Therefore, Holcomb's claim for medical benefits has prescribed.

Untimely Notice of Injury
Defendant asserts that Holcomb should be precluded from recovery because of his failure to notify defendant of the injuries within the 30 day time period specified in LSA-R.S. 23:1301. On appeal, defendant asserts various arguments as to how it was prejudiced by the delay in notice. However, defendant presented no evidence of these arguments at trial and therefore failed to establish prejudice from the untimely notice. Delay in giving notice of injury shall not be a bar to recovery if it is shown that the employer has not been prejudiced by such a delay. LSA-R.S. 23:1305; Loyd v. IMC Fertilizer, Inc., 557 So.2d 1078 (La.App.2d Cir. 1990), writ denied 561 So.2d 102 (La.1990); Losabia v. Cypress Hospital, 619 So.2d 151 (La.App. 3d Cir.1993), writ denied 625 So.2d 1047 (La.1993).

CONCLUSION
In summary, we conclude that Holcomb's claim for weekly disability benefits has not prescribed. The judgment of the hearing officer in this respect is affirmed. However, Holcomb's claim for medical expenses has prescribed. The judgment of the hearing officer awarding medical expenses is reversed and set aside. The defendant has failed to prove prejudice from the untimely notice of injury. Accordingly, the remainder of the hearing officer's judgment is affirmed, at appellant's costs.
AFFIRMED IN PART AND REVERSED IN PART.
BROWN, J., dissents in part and assigns written reasons.
WILLIAMS, J., concurs in apart and dissents in part.
The claim for medical expenses resulting from the claimant's disability has not prescribed.
BROWN, Judge, dissenting in part.
I disagree with the majority's finding that the claim for medical benefits had prescribed. The circumstances of this case are unique. Although stating that "[I]t has been consistently held," the majority opinion cites no cases on point. After recognizing that claimant's injury did not develop immediately and that "[H]olcomb did not become aware of the seriousness of his injury until he saw Dr. Barksdale on June 26, 1992," the majority reached the implausible conclusion that his claim for compensation benefits was timely *204 while his claim for medical benefits had prescribed.
Holcomb had no medical expenses until he first saw the doctor on June 26, 1992. His first surgery was performed on September 17, 1992the same day that a claim for workers' compensation and medical benefits was filed on his behalf. Thereafter, on March 19, 1993, he underwent a second surgery. Thus, a majority of Holcomb's medical expenses occurred more than one year after his August 24, 1991, accident.
LSA-R.S. 23:1209(C), which provides the prescriptive period for medical expenses in workers' compensation cases, was enacted to overrule the supreme court case of Lester v. Southern Casualty Insurance Company, 466 So.2d 25 (La.1985). In Lester, the supreme court reversed prior jurisprudence and held that the time limitation for claiming medical expenses was longer than the one-year period for compensation benefits. Medical benefits were governed by the ten-year prescriptive period in Civil Code Art. 3534. Lester, supra. I don't believe the intent of the legislature in overruling Lester was to reach a result as conflicting and incongruous as the one in this case. I note that the majority opinion would support a similar argument for claims for medical benefits in occupational disease cases (although in cases involving occupational diseases, it is often difficult to identify the accident date). I find that part of the majority opinion striking Holcomb's claim for medical benefits to be based upon a pedantic and impracticable interpretation of 23:1209(C).
Respectfully, I dissent from the finding that plaintiff's claim for medical benefits had prescribed and concur in the remainder of the opinion.