| Judge DENNIS R. BAGNERIS, SR.
Luther T. Otis, Sr. appeals a judgment sustaining a peremptory exception of prescription dismissing his workers’ compensation claim. For the following reasons, we affirm.
FACTS
Mr. Otis began working at LSU in 1982, in the classified position of Police Officer II within the Campus Police Department at the LSU Medical Center in New Orleans. At all relevant times to this litigation, Ms. Leslye Ann Bass was Chief of the Campus Police Department at the LSU Medical Center. From 1992 through 1998, Mr. Otis typically worked at a police post inside the Lion’s Eye Clinic building. In January of 1996, Carl Robertson was assigned to work with Mr. Otis at the Lion’s Eye Clinic. Until March of 1998, Mr. Otis had never had any work related problems or disagreements with Chief Bass.
In March of 1998, Mr. Robertson wrote a series of letters to the LSU Administration claiming that Chief Bass was harassing him. Mr. Otis alleges that after Mr. Robertson filed his grievances against Chief Bass, Chief Bass began to retaliate against Mr. Otis and that he was singled out for mistreatment because of his friendship with Mr. Robertson.
*714 li,On June 10, 1998, Mr. Otis took a day of sick leave and was absent from the Medical Center from that day on. He subsequently remained out on family medical and/or sick leave continuously for fourteen months, until August of 1999, when he voluntarily retired from LSU.
On June 11, 1998, Mr. Otis was admitted to Methodist Psychiatric Pavillion with a history of depression and inability to cope with his problem. Specifically, Mr. Otis requested help because he was feeling “increasingly depressed, overwhelmed, angry, and dysfunctional,” and he was feeling homicidal toward his supervisors. Dr. Serge T. Celestin, a psychiatrist with the Methodist Behavioral Resources Pavillion, treated Mr. Otis from June 11, 1998, through June 24, 1998 and diagnosed Mr. Otis with major depression and homicidality on June 24,1998.
Mr. Otis claims that in August or September of 1998, Mr. William Dalton, a Human Resource Analyst in the Human Resources Department, told him that he was eligible for workers’ compensation. Mr. Otis claims that Mr. Dalton also advised him that he only had 30 days to file; however, Mr. Otis did nothing at that time.
PROCEDURAL HISTORY
On September 20, 1999, Mr. Otis filed a Disputed Claim for Compensation — 1008 form with the Office of Workers’ Compensation against his employer, LSUMC Police Department.[1] Mr. Otis alleged that he suffered a work related injury on June 10, 1998, and he filled in “depression” in the blank used to indicate the part(s) of the body injured. Also included in the Disputed Claim for Compensation is an allegation that Mr. Otis suffered a “developing injury.” Mr. [3Otis also indicated that the “occupational disease” applied to his case.
LSUMC Police Department filed two Exceptions of Prescription, which were denied. On June 18, 2001, LSUMC Police Department filed a Motion for Summary Judgment, in which, among other arguments, the employer argued that Mr. Otis’s claims had prescribed. A hearing on the summary judgment was held on August 1, 2001. On December 19, 2001, the Office of Workers’ Compensation granted LSUMC Police Department’s Exception of Prescription and dismissed Mr. Otis’s workers’ compensation claim with prejudice.[2] Specifically, the hearing officer stated in her judgment that Mr. Otis, “for indefensible reasons, failed to timely file his claim for workers’ compensation benefits.” Mr. Otis now appeals this final judgment.
DISCUSSION
The issue before this Court is whether the hearing officer erred when she found that Mr. Otis’s workers’ compensation claim had prescribed. La. R.S. 23:1209 provides that a claim for workers’ compensation must be filed within one year from the date of the accident. However, “when an injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.” La. R.S. 23:1209(A). This provision is often referred to as the “development of injury” rule. Holcomb v. Bossier City Police De *715 partment, 27,095, p. 3 (La.App. 2 Cir. 8/25/95), 660 So.2d 199, 202.
Louisiana jurisprudence defines the “development of injury” rule as follows:
Development of injury actually means development of disability, and disability marks the time from which the employee can no longer perform the duties of his employment in a satisfactory manner. The development of injury signifies something more than occurrence of the injury and pain. The injury is “developed” when the employee becomes “aware of the significance” of his injury. (Citations omitted).
Holcomb, 660 So.2d at 202.
In this case, we must determine when Mr. Otis’s injury occurred so as to begin the running of the prescription period. The evidence in the record indicates that Mr. Otis stated on his Disputed Claim for Compensation that the date of his injury was on June 10, 1998. Mr. Otis also testified in his deposition that the date of the injury was on June 19, 1998—•the date he was admitted to Methodist Psychiatric Pa-villion. However, Mr. Otis did not file his Disputed Claim for Compensation until September 20, 1999, which is three months past the prescriptive period allowed in the statute.
Mr. Otis also indicates on his Disputed Claim for Compensation that the difficulty in determining the exact date and time of his accident is due to the “developing injury rule” and type of his illness. Under this analysis, we must determine when the injury developed into a disability so as to begin the running of the prescriptive period. As stated above, the date the injury develops into a disability is the time from which Mr. Otis was no longer able to perform his duties of his employment in a satisfactory manner. The record indicates that Mr. Otis quit work on June 11, 1998. Accordingly, even under the “developing injury rule,” |BMr. Otis’s claim as a developing injury, filed on September 20,1999, has prescribed.
Mr. Otis also indicates on his Disputed Claim for Compensation that he had an occupational disease. However, even under the occupational disease analysis, we find that Mr. Otis’s claim has prescribed.
La. R.S. 23:1031.1 governs workers’ compensation claims for occupational disease. La. R.S. 23:1031.1(E) provides the following:
E. All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that:
(a) The disease manifested itself.
(b) The employee is disabled from working as a result of the disease.
(c) The employee knows or has reasonable grounds to believe that the disease is occupationally related.
We must first determine when Mr. Otis became disabled as a result of an occupational disease. The record indicates that Mr. Otis began treating with psychiatrist Dr. Celestin on June 11, 1998. The medical records indicate that Mr. Otis requested help because he was feeling “increasingly depressed, overwhelmed, angry, and dysfunctional,” and he was feeling homicidal toward his supervisors. Dr. Cel-estin treated Mr. Otis from June 11, 1998, through June 24,-1998 and diagnosed Mr. Otis, on June 24, 1998, with major depression and homicidality. Further, the record indicates that Mr. Otis left work on June 11, 1998 and never returned. Accordingly, we find that June 24, 1998, the day he was diagnosed with major depression and hom-icidality, was the last date upon which Mr. Otis’s disability began for purposes of com *716 mencing the time period pursuant to La. R.S. 23:1031.1(E).
|fiNow we must determine if Mr. Otis’s claim has prescribed under the analysis for an occupational disease. The Supreme Court has addressed the time period for filing a formal disputed claim with the Office of Workers’ Compensation for an occupational disease. LaCour v. Hilti Corp., 733 So.2d 1193, 1197 (La.1999). Specifically, the Supreme Court in LaCour stated the following:
The statute provides at the outset that compensation for an occupational disease shall be treated “the same as if said employee received personal injury by accident.” It also refers to the compensation provisions of Chapter 23. The prescriptive statute in Chapter 23 is set forth in La. R.S. 23:1209(A) which provides in pertinent part:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident, a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. (Emphasis added).
Laws on the same subject matter must be interpreted in reference to each other. La. Civ.Code art. 13. The Workers’ Compensation Act is a “symmetrical whole.” Landreneau v. Liberty Mutual Ins. Co., 309 So.2d 283 (La.1975). Therefore, it would seem only logical to conclude that the legislature intended that the prescriptive statute of Chapter 23 apply to a claim for an occupational disease. Moreover, application of La. R.S. 23:1209(A) to an occupational disease claim would prevent the filing of stale claims by the employee and give an employer an opportunity to satisfy its obligations under the Act. Hence, we conclude that the prescriptive period of La. R.S. 23:1209(A) applies to claims under La. R.S. 23:1031.1.
LaCour, 733 So.2d at 1197.
Applying La. R.S. 23:1209(A) to the facts of this case, we find that Mr. Otis’s formal disputed claim filed on September 20, 1999, with the Office of Workers’ Compensation for an occupational disease, was untimely filed. Accordingly, even under the occupational disease analysis, Mr. Otis’s claim has prescribed.
17Further, we also agree with defendant LSUMC Police Department that the prescriptive period for Mr. Otis’s medical benefits has prescribed. La. R.S. 23:1209(C) provides that all claims for medical benefits shall be forever barred unless within one year from the date of the accident a formal claim has been filed with the Office of Workers’ Compensation. In this case, Mr. Otis failed to file a formal medical benefits claim with the Office Of Workers’ Compensation within one year of his accident, as has been fully discussed herein. Thus, Mr. Otis’s medical benefits have prescribed.
Accordingly, for these reasons, we affirm the judgment of the hearing officer, which granted defendant LSUMC Police Department’s Peremptory Exception of Prescription and dismissed Mr. Otis’s claims with prejudice.
AFFIRMED.

. Mr. Otis signed the Disputed Claim for Compensation on September 16, 1999.

. Apparently the trial court ruled on the prescription issues contained in LSUMC Police Department's Motion for Summary Judgment and deemed the prescription argument made therein as an Exception of Prescription rather than a Motion for Summary Judgment on the issue of prescription.