926 So.2d 806 (2006)
Mildred PETERS, Plaintiff-Appellant,
v.
RUSKIN MANUFACTURING, Defendant-Appellee.
No. 40,977-WCA.
Court of Appeal of Louisiana, Second Circuit.
April 12, 2006.
*807 Mildred Peters, In Proper Person.
Juge, Napolitano, Guilbeau, Ruli, Frieman & Whiteley, A.P.L.C. by Bradley P. Nacarri, for Appellee.
Before WILLIAMS, DREW and LOLLEY, JJ.
LOLLEY, J.
Mildred Peters appeals the judgment of the Office of Workers' Compensation ("OWC"), Parish of Caddo, State of Louisiana, which granted an exception of prescription filed by the defendant, Ruskin Manufacturing. For the following reasons, we affirm the OWC's judgment.

FACTS
This matter is making its second appearance before this Court. The facts leading up to the granting of an exception of prescription in favor of Ruskin Manufacturing ("Ruskin") are set forth in our prior opinion, Peters v. Ruskin Mfg., 39,535 (La. App.2d Cir.04/06/05), 899 So.2d 780 ("Ruskin I") and will not be repeated in detail here. Essentially, although Peters alleged that she injured her back in October 2001 while lifting a heavy weight at work, she did not file a disputed claim for compensation against Ruskin until May 2003clearly, *808 more than one year after her injury occurred. Thus, Ruskin filed an exception of prescription, relying on the one-year filing deadline in La. R.S. 23:1209. In Ruskin I, we reversed the trial court's judgment granting the exception of prescription and remanded, concluding that the trial court erred in not giving Peters an opportunity to present evidence at the hearing on the exception of prescription.
On remand, Peters testified, as acknowledged by her attorney at the hearing on the exception, that she did not file her claim for compensation until she knew what was wrong with her and that her injury was connected to her employment. Ruskin acknowledged at the hearing that the case was "going to come down to the doctrine of contra non valentem" as to whether prescription was interrupted. There was no question that Peters denied having back problems prior to the incident in question, she had pain (including back pain) immediately at the time of the incident, and she received treatment from the time of the incident until she filed her compensation claim. However, she insisted that it was not until May 2003 that her doctors informed her for the first time that she had a back injury rather than merely hemorrhoids. Ruskin introduced Peters' medical records from LSU Health Sciences Center in Shreveport, attempted to use those records to impeach Peters concerning the date upon which she first learned of her back injury, and argued that the medical records brought Peters' credibility into question. After taking the matter under advisement, the trial court granted the exception of prescription. This appeal by Peters ensued.

DISCUSSION
When a workers' compensation claim to recover benefits has prescribed on its face, the burden of proving that prescription has been interrupted in some manner is on the claimant. Gaddy v. Caddo Parish School Bd., 36,583 (La.App.2d Cir.12/11/02), 833 So.2d 1088. Accordingly, the burden of proving interruption of prescription in the instant case fell on Peters, and the trial court's determination concerning interruption of prescription turned on an assessment of Peters' credibility regarding knowledge of her cause of action. In order for contra non valentem to prevent the running of prescription, Peters' cause of action would have to have been neither known, nor reasonably knowable to her. See Gaddy, supra; see also Netherland v. Ethicon, Inc., 35,229 (La. App.2d Cir.04/05/02), 813 So.2d 1254, writ denied, XXXX-XXXX (La.06/21/02), 819 So.2d 339.
The trial court's assessment of Peters' knowledge is a factual finding; absent an abuse of discretion or manifest error, a reviewing court cannot disturb the factual findings of a trial court. Rosell v. ESCO, 549 So.2d 840 (La.1989). Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell, supra; Charrier v. Primm, 40,038 (La.App.2d Cir.08/19/05), 909 So.2d 1033.
In this case, Peters' credibility was called into question by the evidence that existed regarding her claim of when she first had knowledge of her back problem. Peters testified that it was in May 2003 when she first learned she had a back injury. However, according to the LSU Health Sciences Center records when she first arrived at its emergency room on December 28, 2001, she complained of lower back pain, and she reported that the first symptoms occurred after lifting a heavy load. Later records from LSU Health Sciences Center show that on the first day of April 2003 she was given discharge *809 instructions for, specifically, a lumbar strain. The instructions explained that such strain is "a tear of one of the muscles or several muscles in your back." The discharge instructions also gave information about activity and treatment. Peters signed an acknowledgment that the instructions had been explained to her and her questions answered. Furthermore, the records include a copy of an April 2, 2003, rehabilitation services request from the LSU Emergency Care Center to Physical Therapy for Peters; the request gives a diagnosis of "low back pain," indicates the area to be treated as "lumbar region," and indicates the treatment and designed goal to be "back strength stretching exercises."
It is reasonable to conclude that the trial court found that differences between Peters' testimony and her medical records cast doubt on her overall credibility, particularly considering the very specific April 2003 medical records which she signed off on. Furthermore, the trial court had the opportunity to assess her demeanor when testifying.
Considering the sudden onset and nature of the pain that accompanied the incident in question, the discrepancy between Peters' testimony concerning when she received knowledge concerning her back problem, and the great discretion that must be afforded the trial court's credibility determination, we detect no abuse of discretion in the trial court's granting of the exception of prescription. Accordingly, the trial court's judgment is hereby affirmed at Mildred Peters' cost.
AFFIRMED.