WILLIAMS, J.
h Claimant, Howard Huckaby, filed a disputed claim for workers’ compensation benefits against his former employer, Bell-South Telecommunications, Inc. (“Bell-South”), alleging he had sustained congestive heart failure, coronary heart disease and post-traumatic stress disorder during the course and scope of his employment. Following a hearing, the workers’ compensation judge (“WCJ”) dismissed the claim, concluding, inter alia, the claim was barred by prescription. For the reasons that follow, we affirm the WCJ’s ruling.
FACTS
Claimant was employed by BellSouth in various capacities from March 1971 until March 2002. In 1975, claimant began working as a cable repair technician, and he remained in that capacity until he retired in March 2002. In October 2002, BellSouth called claimant out of retirement for a temporary work assignment.[1]
Claimant testified that on December 24, 2002, he felt a pain in his chest when he was lifting a ladder at work. He went to the hospital the following day and was diagnosed with congestive heart failure (“CHF”) and atrial fibrillation. Claimant’s medical records and testimony indicated that he was diagnosed with high blood pressure in 1978, and his condition worsened over the years, resulting in CHF and atrial fibrillation.
On March 23, 2005, claimant filed a disputed claim for workers’ compensation benefits, alleging he had “sustained coronary heart sickness during the course and scope of his employment when he was diagnosed with L.high blood pressure in March 1978.” Claimant also alleged that he was diagnosed with CHF and had suffered post-traumatic stress disorder (“PTSD”) “from performing extraordinary unusual physical work as a telephone lead cable repairman.”
Following a hearing, the WCJ dismissed the claim for medical and indemnity benefits, concluding it was barred by prescription pursuant to LSA-R.S. 23:1209. The WCJ also concluded that even if the claim had not prescribed, claimant had failed to meet his burden of proving that his cardiac problems were causally connected to his *654 employment, pursuant to LSA-R.S. 23:1021(8) (e) .[2]
The WCJ determined that the claim for PTSD was prescribed because it was filed over two years from the date claimant last worked, December 24, 2002. The WCJ further concluded that even if prescription did not commence on December 24, 2002, the claim was still prescribed because the latest prescription would have begun to run was the injury development date.
[¡Additionally, the WCJ found that even if claimant’s PTSD claim was not prescribed, claimant failed to meet his burden of proving sudden, unexpected and extraordinary stress related to employment as required by LSA-R.S. 23:1021(8)(b).[3] Claimant appeals.
DISCUSSION
Claimant argues his medical conditions constituted a “developing injury” and, therefore, his claim has not prescribed. Conversely, BellSouth contends claimant has failed to meet his burden of proving that prescription was interrupted.
LSA-R.S. 23:1209 provides, in pertinent part:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
[[Image here]]
|4C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after, the accident a formal claim has been filed with the office as provided in this Chapter....
[[Image here]]
An employee who suffers a work related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one *655 year from the development of the disability, rather than from the first appearance of symptoms or from the first date of treatment. Winford v. Conerly Corporation, 2004-1278 (La.3/11/05), 897 So.2d 560; Sevin v. Schwegmann Giant Supermarkets, Inc., 94-1859 (La.4/10/95), 652 So.2d 1323. The “time the injury develops,” is generally understood as the date the disability develops, which is usually identified as the time when it becomes clear that the worker can no longer perform his or her employment duties in a satisfactory manner. Id. The “developing injury” rule is applicable where the employee, after an accident in which injury is immediately apparent, continues to attempt employment duties until he or she is finally disabled from doing so. Id.
The jurisprudence has generally identified two situations that signify the date a developing injury was found to be disabling for the purpose of prescription. The first is the date of termination of employment. Winford, supra, citing Scott v. Wal-Mart Stores, Inc., 2003-0104 (La.App. 4 Cir. 7/2/03), 851 So.2d 1210; Boudreaux v. Angelo Iafrate Const., 2002-0992 (La.App. 1 Cir. 2/14/03), 848 So.2d 3. The second is the date of medical |fidiagnosis where the diagnosis notifies a previously unaware injured employee of a disabling condition. Winford, supra; Scott, supra. Alternatively, the date of diagnosis is helpful in determining the date an employee became disabled where the record does not indicate the date when the employee became unable to work. Winford, supra, citing Holcomb v. Bossier City Police Dept., 27,095 (La.App. 2d Cir.8/25/95), 660 So.2d 199.
In the instant case, the record does not expressly state the date claimant became unable to work. However, it is undisputed that claimant was diagnosed with high blood pressure in 1978 and continued working with the disease. Claimant’s last date of employment with BellSouth was December 24, 2002, and he was diagnosed with CHF December 25, 2002. The claim for workers’ compensation benefits was filed March 23, 2005, approximately two years and three months after claimant’s diagnosis with CHF and his last date of employment. Thus, it is clear from the record that claimant did not file a claim for benefits within the time limitations set forth in LSA-R.S. 23:1209(A). Moreover, the claim for medical benefits was not filed within one year of the “accident” as mandated by LSA-R.S. 23:1209(C). For these reasons, we hold that the WCJ correctly concluded that claimant’s claim for indemnity and medical benefits, based upon his heart-related illness, has prescribed. Having reached this conclusion, we need not address the issue of whether claimant met his burden of proving that his illness was causally related to the stress of his employment.
We also reject claimant’s argument that the doctrine of contra non va-lentem preserves his claim. In order for contra non valentem to prevent | (¡the running of prescription, claimant’s cause of action would have to have been neither known, nor reasonably knowable to him. Peters v. Ruskin Mfg., 40,977 (La.App. 2d Cir.4/12/06), 926 So.2d 806; Gaddy v. Caddo Parish Sch. Bd., 36,583 (La.App. 2d Cir.12/11/02), 833 So.2d 1088. Actual knowledge or constructive knowledge of a cause of action has been defined as the time “[w]hen a party has sufficient information to incite curiosity, to excite attention or to put a reasonably minded person on guard and call for inquiry....” Netherland v. Ethicon, Inc., 35,229 (La.App. 2d Cir.4/5/02), 813 So.2d 1254, writ denied, 2002-1213 (La.6/21/02), 819 So.2d 339.
The trial court’s assessment of claimant’s knowledge is a factual finding; *656 absent an abuse of discretion or manifest error, a reviewing court cannot disturb the factual findings of a trial court. Peters, supra, citing Rosell v. ESCO, 549 So.2d 840 (La.1989). Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell, supra; Peters, supra; Charrier v. Primm, 40,038 (La.App. 2d Cir. 8/19/05), 909 So.2d 1033.
In the instant case, as stated above, claimant experienced chest pain on December 24, 2002. He sought medical treatment and was diagnosed with CHF on December 25, 2002. Based on the record before us, we conclude that claimant had sufficient knowledge, or at the least, he could have known, through reasonable diligence, of his claim against BellSouth on December 25, 2002. Therefore, prescription was not interrupted under |7the theory of contra non valentem.
With regard to the claim for benefits for PTSD, claimant contends that his claim has not prescribed because he was not made aware of his diagnosis of PTSD until June or July 2004. However, Gayle Gucker, a Licensed Professional Counsel- or, testified that she diagnosed claimant with depressive disorder and PTSD on January 5, 2004, and she discussed the diagnosis of PTSD with claimant on that date. However, claimant did not file his claim for workers’ compensation benefits until March 23, 2005, approximately one year and two months after his diagnosis. Therefore, the claim was filed more than one year from the time claimant’s PTSD “developed,” and is, therefore, prescribed under LSA-R.S. 23:1209. In reaching this conclusion, we need not address the WCJ’s determination that claimant failed to meet his burden of proving sudden, unexpected and extraordinary stress related to his employment with BellSouth.
CONCLUSION
For the foregoing reasons, we affirm the WCJ’s ruling that the claim for workers’ compensation benefits has prescribed. The costs of this appeal are to be borne by appellant, Howard Huckaby.
AFFIRMED.

. According to the testimony, it was customary for BellSouth to call recent retirees to come back to work on temporary projects or when additional personnel was needed.

. LSA-R.S. 23:1021 (8)(e) provides:
(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.

. LSA-R.S. 23:102l(8)(b) provides:
Mental injury caused by mental stress. Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.