STEWART, J.
hln this workers’ compensation case, the defendant-appellant, David Fields, is appealing a judgment awarding plaintiff-ap-pellee, Rita Nivens, both medical and indemnity benefits, as well as penalties and attorney’s fees. For the reasons assigned below, we affirm.
FACTS
On December 2, 2008, in Ouachita Parish, one of Nivens’s fingers was crushed while she and Fields were “raking and grading” the driveway of a trailer park. Apparently, Fields, who was operating a tractor, placed his foot on the brake while Nivens was attempting to hook a box blade to the tractor. Fields’s foot slipped off the brake, causing the tractor to jolt and crush Nivens’s left middle finger. Fields transported Nivens to E.A. Conway Hospital for treatment. As a result, Nivens lost approximately one-third of the injured finger.
After Fields refused to pay any medical or indemnity benefits, Nivens filed a formal claim for compensation. Fields did not hire an attorney, and filed his own answer. In his answer, Fields admitted that Nivens sustained an injury, but denied that Nivens was his employee. A mandatory mediation conference was held on June 28, 2010, where trial for this matter was set for October 13, 2010. Fields did not appear for trial.
On October 19, 2010, the Workers’ Compensation Judge Brenza Irving (“WCJ”) signed a judgment awarding Nivens temporary total disability benefits from December 2, 2008, to March 2009, and supplemental earnings benefits from November 15, 2009, until she was released to return to work by her physician. Nivens was also awarded |g$3,975.56 for medical treatment, $2,000.00 for failure to pay her medical expenses and $7,000.00 for attorney’s fees.
Fields filed a motion for a new trial, contending that Nivens informed him that she had dropped the matter, so he was under the impression that he didn’t need to appear to defend it. He further contended that Nivens was his partner, not an employee. On November 29, 2010, the WCJ denied this motion in court. Fields filed a suspensive appeal and requested that a bond be set. On December 28, 2010, the WCJ signed the order of appeal, and fixed $60,000.00 as the bond amount. However, Fields failed to post the bond. La. R.S. 23:1310.5 provides in pertinent part:
C. When there has been an award of benefits by the workers’ compensation judge, no appeal by the employer shall be entertained by the appellate court unless the employer secures a bond with one or more sureties to be approved by the workers’ compensation judge, guaranteeing that the employer will pay the amount of the award rendered therein together with interest thereon as otherwise provided by law, and all costs of the proceeding. The time limits for perfecting the bond shall be as provided in the Code of Civil Procedure, but shall not commence to run 'against the appellant until the appellant is notified ' by the workers’ compensation judge as to the amount of the bond fixed in accordance with law.
Nivens filed a motion to dismiss this appeal since Fields failed to post the bond, and Fields filed an opposition to this motion.
This court referred the motion to the argument on the merits of this appeal. Even though the record included a notice of appeal from the Office of Workers’ Compensation specifying that it was mailed, and a letter from the Office of *1147 Workers’ Compensation informing Fields of the cost of the record, it does not contain any proof that Fields received the order of appeal [ ¡¡that fixed the amount of the bond. For this reason, we deny the motion to dismiss this appeal.
LAW & DISCUSSION
Rule 2-12.4 of the Louisiana Uniform Rules-Court of Appeal requires an appellant’s brief to comply with certain requirements. The brief must include, among other things, “a concise statement of the case, the action of the trial court thereon, a specification or assignment of the alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited, and a short conclusion stating the precise relief sought.” Rule 2-12.4 further provides that “[a]ll specifications or assignments of error must be briefed.” If they are not briefed, “[t]he court may consider as abandoned any specification or assignment of error which has not been briefed.”
Fields appears in this appeal pro se, and has filed a brief which does not comply with the requirements of Rule 2-12.4. Fields listed nine issues in his appellate brief, but does not brief them. These issues are:
1. Whether Nivens was employed by Fields at the time of the accident.
2. Whether Nivens was unable to work as a result of injury or neglect.
3. Whether Nivens and her legal counsel obtained this judgment through fraud or ill practice.
4. Why Fields’s attorney did not, or was not allowed to, discuss the issue of whether Nivens was intoxicated at the time of the accident. Does this issue have any bearing on Nivens’s claim/Nivens’s right to a claim?
L5. Whether Nivens’s failure to properly treat her injured finger and failure to stop alcohol, tobacco, and “street drug” abuse negatively impacted the healing of her finger.
6. Whether the WCJ erred in failing to modify Nivens’s judgment after payroll records, which were drafted by Nivens, were introduced to show that she was never paid more than $400.00/week.
7. Whether the WCJ erred in ordering Fields to pay medical bills from LSU Hospital, since Nivens failed to properly care for her finger.
8. Why Nivens’s attorney agreed to represent her in this action, since she had previously attempted to submit a fraudulent insurance claim to Fields’s insurance company.
9. Whether this WCJ regular ruled in favor of Nivens’s attorney, as reported to Fields by his attorney.
Recognizing Fields’s pro se status, this court attempted to discover the substance of his arguments and treat them as properly raised. We ultimately interpreted Field’s arguments to raise the issue of whether the WCJ erred in awarding Ni-vens medical and indemnity benefits, since he contended that Nivens was not his employee at the time of the accident. Fields also asserted that Nivens was intoxicated at the time of the accident and failed to properly treat the finger after the accident.
In a workers’ compensation case, the appropriate standard of review to be applied by the appellate court to the WCJ’s finding of fact is the manifest error or clearly wrong standard. Dean v. Southmark Const., 03-1051 (La.7/6/04), 879 So.2d 112. Whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the WCJ. Harris v. *1148 Casino Magic, 38,137 (La.App.2d Cir. 1/28/04), 865 So.2d 301, writ denied, 04-0502 (La.4/8/04), 870 So.2d 275. Unless shown to be clearly wrong, the WCJ’s factual findings of work-related disability will not be disturbed where there is evidence which, upon the trier of fact’s reasonable evaluation of credibility, furnishes a reasonable, factual basis for those findings. Id. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Blanson v. GM Inland Fisher Guide, 33,498 (La.App. 2 Cir. 6/23/00), 764 So.2d 307.
An employee is entitled to workers’ compensation benefits if he receives a personal injury by accident arising out of and in the course of his employment. La. R.S. 23:1031; McLin v. Industrial Specialty Contractors, Inc., 2002-1539 (La.7/2/03), 851 So.2d 1135; Scott v. Super 1 Foods, 45,636 (La.App. 2 Cir. 9/29/10), 48 So.3d 1133. An employment-related accident is an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration. La. R.S. 23:1021(1). Although the workers’ compensation law is liberally construed in favor of coverage, the claimant’s burden of proving an accident is not relaxed; she must prove by a preponderance of the evidence that an accident occurred and the resulting disability is related to an on-the-job injury. McLin, supra; Hofler v. J.P. Morgan Chase Bank, N.A., 46,047 (La.App. 2 Cir. 1/26/11), 57 So.3d 1128. Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Key v. Insurance Company of North America, 605 So.2d 675 (La.App. 2 Cir.1992).
A claimant’s testimony alone may be sufficient to establish an accident provided that “(1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident.” Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992); Hofler, supra. In determining whether the Bruno elements are satisfied, the commentators have articulated six pertinent factors the courts have considered: (1) late report, (2) supervisor and coworker testimony, (3) family and friends’ testimony, (4) medical evidence, (5) continuing to work, and (6) prior injuries. Hofler, supra; Bruno, supra.
However, La. R.S. 23: 1081(l)(b) provides a defense to employer liability for workers’ compensation benefits where an employee, working under the influence of drugs or alcohol, is injured and the injury can be attributed to the employee’s intoxication. Deal v. Bancroft Bag, Inc., 28,188 (La.App. 2 Cir. 4/3/96), 671 So.2d 1264, writ denied, 96-1102 (La.6/7/96), 674 So.2d 977. If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance, it shall be presumed that the employee was intoxicated. La. R.S. 23:1081(5).
To determine if intoxication contributed to a workplace injury, an employer has the right to administer drug and alcohol testing or demand that |7the employee submit himself to such testing immediately after a job-related accident. La. R.S. 23:1081(7)(a). The collection, handling and testing process must be trustworthy. Deal, supra. In such cases and in order to support a finding of intoxication, an employer need only prove the use of such *1149 drugs by the employee by a preponderance of the evidence. La. R.S. 23:1081(8).
Fields states in his appellate brief that the accident occurred while he and Nivens were completing a job for David Williams. Williams hired Fields and Nivens to “rake and grade” the driveway at a trailer park that he owned. Fields contends that Ni-vens was hired under a “subcontract partnership” for this job, which was unrelated to her employment with him. He asserts that Nivens was under the influence of drugs and alcohol at the time. Fields believes that Nivens’s intoxication, in combination with her poor judgment, caused the accident.
Fields admitted that he initially hired Nivens to remodel, his house. He argues that he never paid her $400.00, and that she worked on an average of 25 hours/ week. After the December 2, 2008, injury, Fields asserts that Nivens continued to work on the remodeling project.
At trial, Nivens testified that she began working for Fields as a supervisor of his construction crew in 2006. She stated that she worked full-time, earning an average weekly wage of $400.00. David Turner, a former employee of Fields, corroborated Nivens’s testimony that she worked for Fields full-time. As stated above, Fields did not appear for trial.
At the hearing regarding the motion for a new trial and the motion to annul the judgment, the WCJ determined that Fields did not present 1 ^evidence that was not discovered or could not have been discovered prior to trial. She further determined that Fields did not present evidence of fraud or ill practices. For these reasons, the WCJ denied both motions. We agree with these findings.
Nivens’s testimony, coupled with her medical records, were sufficient for the WCJ to render a judgment in her favor. Fields did not present any evidence supporting his assertion that Nivens did not work for him, nor did he present any evidence that Nivens was intoxicated at the time of the accident. Moreover, Ni-vens medical records from the hospital did not note that she was intoxicated on the day of the accident. If Fields was aware that Nivens was intoxicated at the time of the accident, he should have demanded that Nivens submit to a drug test pursuant to La. R.S. 23:1081(7).
Fields contends that Nivens informed him that the suit had been dropped after the mediation conference, so he took no further action. Fields’s reasons for not appearing at trial do not justify setting aside the judgment rendered. Even if Fields believed that Nivens was dropping the case, he should have confirmed it with the mediator.
After reviewing the record, we find that the WCJ did not err in awarding Nivens medical and indemnity benefits, as well as attorney’s fees and penalties. Fields’s arguments are meritless.
CONCLUSION
For the foregoing reasons, the WCJ’s judgment is affirmed. Costs are assessed against the appellant, David Fields.
AFFIRMED.