LOLLEY, J.
| lAleia Marsh appeals the judgment of the Office of Workers’ Compensation, District 1-East, Parish of Ouachita, State of Louisiana (“OWC”), in favor of her previous employer, North Louisiana Medical Center (“NLMC”). For the following reasons, we affirm the judgment of the OWC.
Facts
Marsh was an employee of NLMC, where she worked as a nurse. On June 5, 2009, Marsh claims that while turning a patient, she felt a strain in her neck on the right side. She thought it was a pulled muscle, and she finished her shift. However, the next day, she claims she was unable to get out of bed. Marsh went to the emergency room (“ER”), and “they assumed that it was another pulled muscle due to that [she] had recently had one.” She was unable to return to work that day. Emergency room records reflect she suffered a thoracic strain with “no known trauma,” and she paid for her visit from her personal health insurance. In connection with this incident, she saw Dr. Richard Ballard on June 11, 2009, complaining of pain in her shoulder. His impression was “impingement of the shoulder.”[1]
Subsequently, Dr. Major Blair, a neurosurgeon at Lincoln General, ordered an MRI of the cervical spin, and found a disc bulge at C5-6 with neural foraminal narrowing. Additionally, an X-ray of the right shoulder showed a widening of the right AC joint. The assessment was “in-tervertebal 12disc disease of the cervical spine, worse at C5-6.” According to Marsh, she continued to work in pain.
Marsh notified NLMC in July 2010 that she was suffering from a developing injury that occurred “sometime” in 2009. She was offered a light duty position which she declined. Ultimately, she claims she was unable to continue working, and she was off from July 17, 2010, until April 2011. Subsequently she went to work at another hospital, and she was working at the time of trial. She filed her petition with the OWC on September 24, 2010, claiming she was entitled to “medical treatment, SEB or TTD, and penalties and attorney’s fees for the denial of medical treatment, benefits and unreasonable controversion of claims.”
After a trial of the matter, the OWC noted that “a review of the record reveals the absence of a finding of a disability [and].... [Marsh’s] self proclaiming disability status is insufficient.” Thus, she *1176 was not entitled to the extended prescriptive period for developing injuries allowed under La. R.S. 23:1209. In regard to the prescription of Marsh’s claim for SEBs and medical treatment, the OWC concluded that she failed to file her claim within one year of her accident, thus her claims were prescribed. The OWC dismissed Marsh’s claims and entered judgment in favor of NLMC. This appeal by Marsh ensued.
Discussion
On appeal, Marsh argues that the OWC erred in its determination that she failed to prove she sustained a developing injury while employed by NLMC. Related to that argument is Marsh’s additional contention that the |sOWC erred in finding she failed to prove a work-related incident occurred which caused her developing injury. Marsh maintains she was initially injured at work in June 2009, although she did not report her injury to NLMC until 2010. We agree with the OWC’s finding that Marsh failed to prove she suffered an on-the-job accident which caused her developing injury.
An employee is entitled to workers’ compensation benefits if he receives a personal injury by accident arising out of and in the course of his employment. La. R.S. 23:1031; McLin v. Industrial Specialty Contractors, Inc., 2002-1539 (La.07/02/03), 851 So.2d 1135; Nivens v. Fields, 46,524 (La.App.2d Cir.11/16/11), 79 So.3d 1144. An employment-related accident is an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration. La. R.S. 23:1021(1). Although the workers’ compensation law is liberally construed in favor of coverage, the claimant’s burden of proving an accident is not relaxed; she must prove by a preponderance of the evidence that an accident occurred and the resulting disability is related to an on-the-job injury. McLin, supra; Hofler v. J.P. Morgan Chase Bank, N.A., 46,047 (La.App.2d Cir.01/26/11), 57 So.3d. 1128. Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Nivens, supra.
|4A claimant’s testimony alone may be sufficient to establish an accident provided that “(1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident.” Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992); Hofler, supra. In determining whether the Bruno elements are satisfied, six pertinent factors are considered: (1) late report, (2) supervisor and coworker testimony, (3) family and friends’ testimony, (4) medical evidence, (5) continuing to work, and (6) prior injuries. Hofler, supra; Bruno, supra.
Factual findings in workers’ compensation cases are subject to the manifest error rule. Buxton v. Iowa Police Dept., 2009-0520 (La.10/20/09), 23 So.3d 275. Under this rule, the reviewing court does not decide whether the factfinder was right or wrong, but only whether its findings are reasonable. Id. Whether the claimant has carried her burden of proof and whether testimony is credible are questions of fact to be decided by the workers’ compensation judge. Id. When there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Winford v. Conerly Corp., 2004-1278 (La.03/11/05), 897 So.2d 560.
Initially, we note that Marsh filed her claim for benefits outside the one-year *1177 prescriptive period for seeking workers’ compensation payments or filing a formal claim. La. R.S. 23:1209. However, an employee who suffers a work-related injury that only later develops into a disability, has a viable cause of action until one year from the development of the disability, rather 15than from the first appearance of symptoms or from the first date of treatment. La. R.S. 23:1209(A)(3); Winford, supra; Huckaby v. Bellsouth Telecommunications, Inc., 42,255 (La.App.2d Cir.07/18/07), 961 So.2d 651, writ denied, 2007-1715 (La.11/02/07), 966 So.2d 607. The “time the injury develops,” is generally understood as the date the disability develops which is usually identified as the time when it becomes clear that the worker can no longer perform his or her employment duties in a satisfactory manner. Huckaby, supra. The “developing injury” rule is applicable where the employee, after an accident in which injury is immediately apparent, continues to attempt employment duties until he or she is finally disabled from doing so. Id.
Here, the OWC correctly concluded that the record fails to support Marsh’s claim that she suffered a workplace accident in June 2009, which caused her developing injury. Initially, we note that Marsh’s testimony is not corroborated by circumstances following the alleged incident which tend to prove she was injured as a result of a workplace incident. Significantly, Marsh failed to report the incident to her employer upon its occurrence, despite the fact that she claims she had difficulty moving the next day and had to be taken to the ER. Her immediate supervisor, Linda Kennedy, could not remember whether Marsh reported an injury, but she did remember that later Marsh had brought an excuse ordering only light duty. On the other hand, Tonya Dugan, the human resources director for NLMC, stated that the company records showed no reported injury by Marsh in June 2009. We also note that at trial Marsh herself could not definitively pinpoint when she Ifihad been injured at work. She did not “really ... recall when it had happened.” Additionally, although Marsh claimed that a co-worker witnessed her injury, tellingly, she did not call him as a witness at the trial. Marsh continued to work in her position, although she claims she was still in pain throughout 2009 and into 2010, when she requested restricted work conditions. Even though she claimed ongoing pain, she provided no objective evidence of such during this period, a point specifically referenced by the OWC.
Furthermore, although Marsh paid a contemporaneous trip to the ER, those medical records do not establish that she was injured while at work. Marsh presented at the ER on June 6, 2009. The medical intake records indicate “no known trauma,” and further state, “when she woke up this afternoon ... couldn’t hardly move neck and [right] arm....” Additionally, the records of that visit indicate that Marsh had experienced a similar episode “but not this bad.” She was diagnosed as having thoracic strain. Additional medical records indicate that she attributed her pain to “heavy lifting yesterday”; however, she did not connect that activity to work. She utilized her personal health insurance as payment for the ER services.
Finally, and in comparison, in August 2008, Marsh was clearly injured at work. At that time, she made a timely report of the incident to NLMC. Moreover, her medical records indicate that she was injured while “lifting ... heavy ... at work.” That visit was paid for through a claim with NLMC’s workers’ compensation insurance carrier. Clearly, Marsh, having experienced a workplace injury in 2008, knew the procedures. In addition to 17the lack of evidence for her current claim, her *1178 failure to follow the same procedure in 2009 when she presented to the ER tends to support the OWC’s finding that she failed to prove the occurrence of a workplace accident causing her current disability-
Although Marsh claims she suffered a developing injury as a result of a workplace injury, the evidence does not support her claim. The findings of the OWC were reasonable and not an abuse of discretion. Considering our findings herein, discussion of Marsh’s remaining assignment of error regarding penalties and attorney’s fees is pretermitted.
Conclusion
For the foregoing reasons, the judgment of the Office of Workers’ Compensation in favor of North Louisiana Medical Center is affirmed. All costs of these proceedings are assessed to Aleia M. Marsh.
AFFIRMED.

. Marsh was previously injured in July 2008 while caring for a patient of the same employer. At that time. Marsh allegedly strained her lower back. In connection with that incident, she went to the ER, got an injection of muscle relaxers, and a couple of days later resumed her full-time duties. She reported this injury as an on-the-job injury and payment for her hospital visit was processed through NLMC’s workers’ compensation insurance carrier.